**Allen E. INGRAM, Appellant,**

v.

**TEXAS INDUSTRIES, INC., Appellee.**

No. 16675.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 22, 1965.

Rehearing Denied Dec. 3, 1965.

Parkhill, Watson & Grantham, Grand Prairie, Harris, Anderson, Henley, Shields & Rhodes, and L. W. Anderson, Dallas, for appellant.

Simon, Crowley, Wright, Ratliff & Miller, Fort Worth, for intervenor Texas Employer's Ins. Assn.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., and Gordon Macdowell, Dallas, for appellee.

MASSEY, Chief Justice.

This is a suit for damages for personal injuries to Allen E. Ingram against Texas Industries, Inc. The latter operated a "cement mixer" truck of the type on which the "mixer" turned more or less continuously. Therefrom ready-mixed concrete was distributed and deposited by a movable chute when fresh concrete was being poured. Ingram was standing by the truck in a position lying inside the arc in which the chute swung—when it did swing around and strike him. The truck was unattended and standing in a position where the side thereof, toward which the chute swung, was on ground lower than that on the opposite side.

For our purposes there is no question but that Texas Industries, Inc. was guilty of negligence amounting to a proximate cause of Ingram's injuries in that its employee negligently left the truck unattended and without having anchored or fastened the chute into position so that it would not swing around. However, the jury found that Ingram failed to keep a proper lookout for his own safety prior to the occurrence and negligently stood too close to the truck. Each was found to have amounted to a proximate cause of the occurrence and the resulting injuries.

Based thereupon the trial court entered a take nothing judgment. Ingram appealed on the theory that there was no evidence to support these jury findings.

■■ The jury is not only the judge of the facts and circumstances proved but may draw reasonable inferences and deductions from the evidence adduced before it. Therefore its findings may not be disregarded, under the provisions of Texas Rules of Civil Procedure, rule 301, "Judgments", if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276 (1958).

■■ When a situation suggests investigation and inspection in order that its dangers may fully be disclosed, one is under the obligation of investigating and inspecting. He is bound to look and listen, where such precautions are reasonably required to prevent injury to himself. See 38 Am.Jur. 868, "Negligence", § 191, "Exercise of Senses and Intelligence".

■ In order for Ingram to prevail on this appeal we must say, as a matter of law, that when he voluntarily placed himself at the position where he was when the chute subsequently swung around and struck him there was nothing in the situation which suggested investigation and inspection in the ascertainment of whether there was any hazard incident to his action. This we cannot do. There was evidence from a coemployee to the effect that it was not unexpected or surprising that the chute would swing as it did under attending circumstances. Ingram's testimony was to the effect that he saw nothing in the situation which created any cause for concern on his part and that he assumed and had the right to assume that his position was a safe one. The evidence upon the physical facts, probable or possible results, and the proclivity of a pendulum to swing downward or around and downward (coupled with the human experience and general knowledge and intelligence of the jury), made Ingram's contributory negligence a question of fact. Under the evidence and inferences to be drawn therefrom such was a matter for the jury's determination. Therefore we are bound by its findings.

The essential question is as to the "foreseeability" on the part of Ingram. Insisting that there was none he relies strongly on the author's opinion in Hadaway v. Lone Star Gas Company, Tex.Civ.App., 355 S.W.2d 590 (Fort Worth Civ.App., 1962, mandamus overruled). In that case it was held that the plaintiff had a legal right to assume that a public way was reasonably safe for ordinary travel, and

we furthermore held, under the peculiar circumstances, that because the truly dangerous condition which existed was neither seeable or foreseeable there was no evidence upon which the jury's finding of contributory negligence was founded. A kindred right of assumption is not to be found in the circumstances of the instant case.

Judgment is affirmed.