Brunies SNEAD, Appellant,

v.

H. E. BUTT GROCERY COMPANY et al.,
Appellees.

No. 4311.

Court of Civil Appeals of Texas.

Waco.

Nov. 4, 1965.

Bedford D. Edwards, Waco, for appellant.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a slip and fall case.

Plaintiff Snead sued defendant Grocery Company for damages for personal injuries sustained by her when she slipped and fell in defendant's store.

Trial was to a jury which found that water was on the floor inside the entrance to defendant's store; that defendant's employees knew of the water on the floor; that defendant's employees' failure to remove and mop up the water was negligence, proximately causing the accident. The jury further found that the condition of the floor inside the door of defendant's store was open and obvious; that plaintiff failed to keep a proper lookout; and that such failure was a proximate cause of the accident.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 7 points, contending:

1) There is no evidence, or insufficient evidence, to support the jury's finding that plaintiff failed to keep a proper lookout (which proximately caused the accident); and that such findings are against the great weight and preponderance of the evidence.

2) The answer to Issue 15 is in conflict with the answers to Issues 16, 17, 18, 19 and 20.

We revert to plaintiff's 1st contention. The record reflects that on the day of the accident it had been raining, and plaintiff waited for it to stop before going to shop for her groceries. The water plaintiff slipped in was about 3 feet inside the door and was practically all across the entrance of the door. Another witness had seen the water and stepped over it as she entered the store. Plaintiff testified she "didn't know the water was there"; "I wasn't looking down." Photographs in evidence reflect an open area in front of the door which was clearly visible. Proper lookout is ordinarily a question for the trier of facts, in this case the jury. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273.

We think the jury had a right to conclude that plaintiff did not keep a proper lookout, and that such was a proximate cause of the accident. We think such finding supported by ample evidence, and from the record as a whole not contrary to the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Plaintiff's 2nd contention complains that the jury's finding to Issue 15, that the con-

dition of the floor was open and obvious is in conflict with the findings to Issues 16, 17, 18, 19 and 20.

Plaintiff did not assign such alleged conflict with Issues 19 and 20 in her motion for new trial, for which reason any possible conflict is waived. St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744. Issue 16 found that plaintiff had no knowledge of the water on the floor; Issue 17 found plaintiff did not fully appreciate the danger of walking into the water; and Issue 18 found plaintiff did not voluntarily expose herself to known or appreciated danger. We fail to perceive that such findings conflict with the finding that the condition of the floor was open and obvious. In any event the judgment is supported by the findings that plaintiff failed to keep a proper lookout, which proximately caused the accident.

Plaintiff's points and contentions are overruled.

Affirmed.