NATHAN ALTERMAN ELECTRIC COMPANY, Appellant,

v.

Robert MASON et ux., Appellees.

No. 14809.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1969.

Rehearing Denied Dec. 31, 1969.

Huson, Clark & Thornton, San Antonio, for appellant.

Lieck, Lieck & Leon, San Antonio, for appellees.

KLINGEMAN, Justice.

Damage suit by Robert Mason and wife, Lorraine Mason, appellees herein, against Shaw's of San Antonio and Nathan Alterman Electric Company for personal injuries allegedly sustained by Mrs. Mason in an accident when a plastic panel fell on her as she was leaving Shaw's Jewelry Store in San Antonio, Texas. Trial was to a jury who found that Joe Stockert, an employee of Nathan Alterman Electric Company, did not fail to keep a proper lookout, and did not fail to fasten or secure the plastic panel in such a manner as not to fall. The proximate cause issues in connection therewith were not answered. The jury found damages in the amount of $2,500.00. The trial court, upon motion, entered judgment disregarding the jury's answers to Special Issues Nos. 1, 2, 3 and 4,[1] (negligence and

1. "SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that on the occasion in question Joe Stockert failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances?

Answer 'He did fail' or 'He did not fail.'

We the jury answer 'He did not fail.'

If you have answered Special Issue No. 1 'He did fail,' then answer Special Issue No. 2; otherwise do not answer Special Issue No. 2.

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that such failure if any, inquired about in the preceding question, was a proximate cause of the occasion in question?

Answer 'Yes' or 'No'.

We the jury answer (unanswered).

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that the electrician, Joe Stockert, failed to fasten and secure the plastic panel in question in such a manner as not to fall, as would have been done by an electrician of ordinary prudence in the exercise of ordinary care under the same or similar circumstances?

Answer 'He did fail' or 'He did not fail.'

We the jury answer 'He did not fail.'

If you have answered Special Issue No. 3 'He did fail,' then answer Special Issue No. 4; otherwise do not answer Special Issue No. 4.

SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that such failure, if any, inquired about in the preceding question, was a proximate cause of the occurrence in question?

Answer 'Yes' or 'No.'

We the jury answer (unanswered)."

proximate cause issues), and rendered judgment notwithstanding the verdict in favor of plaintiffs as against Nathan Alterman Electric Company for $2,500.00, and a take-nothing judgment as to Shaw's of San Antonio. No appeal was perfected as to the take-nothing judgment. Appellees did not plead the doctrine of res ipsa loquitur.

Appellant, Nathan Alterman Electric Company, by one point of error complains that the trial court erred in failing to enter a judgment for appellant and in granting plaintiffs' motion for judgment notwithstanding the verdict and motion to disregard the jury's answers to Special Issues Nos. 1, 2, 3 and 4, because plaintiffs did not establish as a matter of law that appellant was guilty of negligence, and that any such negligence was a proximate cause of plaintiffs' damages.

Plaintiffs maintain that the trial court did not err in granting a judgment notwithstanding the verdict, because there was no evidence to support the jury's findings to Special Issues Nos. 1, 2, 3 and 4. By cross-point, plaintiffs assert that if there is any evidence to support the jury's findings to such special issues, the jury's findings are against the great and overwhelming weight and preponderance of the evidence.

■ In passing upon appellant's point of error we are required to examine the evidence in its most favorable light in support of the jury's findings, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences which are contrary to the jury's findings. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); Cunningham v. Texas Employers' Insurance Ass'n, 363 S.W.2d 880 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.). On the other hand, in passing upon appellees' cross-point of insufficiency of the evidence, we are required to consider and weigh all the evidence, to determine if the findings are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

■ The jury is not only the judge of the facts and circumstances proved, but it may draw reasonable inferences and deductions from the evidence adduced before it. Therefore, its findings may not be disregarded under the provisions of Rule 301, Texas Rules of Civil Procedure, if the record discloses any evidence of probative value which, with inferences that may properly be drawn therefrom will reasonably support the same. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276 (1958); Ingram v. Texas Industries, Inc., 396 S.W.2d 423 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.).

The evidence with regard to how such accident happened is meager. Some of the testimony was made in connection with a drawing or diagram, which the jury had the benefit of but which was not brought up in the record.

Mrs. Mason testified that she had gone to Shaw's to pay a bill, that after she paid such bill and as she was going out the door leaving the store, something fell and hit her on the head; that she didn't know what struck her. Mrs. Moore, a lady who was with Mrs. Mason when the plastic panel fell, testified that as they were leaving the store a man was working on the top of a ladder, and a piece of plastic fell and hit Mrs. Mason on the head; that she didn't see where the piece of plastic fell from.

The only testimony as to what caused the plastic panel to fall came from Joe Stockert, appellant's employee. He testified that on

November 8, 1967, he was working for appellant on the premises of Shaw's doing electrical wiring; that at the time of the accident he was working over the front door to the side of it; that the front door had an overhang built over with a light fixture above it, and with a plastic diffusing panel which served to keep away the direct glare of the light below the light fixture. That at such time, he was standing on a ladder about two-thirds up; that he was not working on the panel but on a fuse box above it making electrical connections; that the plastic panel wasn't permanently fastened, but was just fixed to keep it from falling down and hitting people going into the store. Initially, Stockert testified that he must have hit the panel with his hand, and later testified that he hit it with his elbow. He stated that as the panel went down he tried to grab it, but missed it, and that it hit Mrs. Mason and glanced off her shoulder and then hit the floor. When asked where the plastic panel was before it fell, he stated: "There is a wooden projection built there and it has a framework in it just like the fixture has here. There is an opening there. That is the way the opening was in there and the plastic panel was laying over the top of this hole. There is two of them in there because it is over eight feet long, you see. Well, it wasn't quite eight feet. And the two two-by-four panels were laying in there to keep anything from falling down through there as I was working above it. I wasn't actually in there bodily. I was standing on a ladder reaching in there." When asked whether he was reaching up into the ceiling he stated: "Yes, because the space is too small. I hit this one panel with my elbow and it shooted out of there. I went to grab it and missed it and it hit the lady on the left shoulder." Stockert testified that he had been working on such job at Shaw's at least a month before the accident; that he was the only employee of appellant working on the premises at that time, but there also were carpenters working on the

premises. He also testified that the plastic panel had been there several days.

Other testimony showed that the store was being remodeled at the time of the accident, which remodeling work had been going on six months; that Shaw's contractor was Commercial Fixtures Company, and that appellant had no contract with Shaw's; that appellant was a subcontractor installing the electrical fixtures, and that appellant was doing all the electrical work and fixture installation. There was testimony that the plastic panel was about eighteen to twenty-four inches wide and thirty-six to thirty-four inches long and weighed about one pound.

It is our opinion that the court erred in granting the motion for judgment notwithstanding the verdict. The evidence does not establish that appellant was guilty of negligence as a matter of law. See White v. White, 141 Tex. 328, 172 S.W. 2d 295 (1943); Jara v. Thompson, 223 S.W.2d 941 (Tex.Civ.App.—San Antonio 1949, writ ref'd). Considering the evidence in the light most favorable to appellant, it cannot be said that there is no evidence of probative force to support the jury's findings that appellant's employee did not fail to keep a proper lookout and did not fail to fasten and secure the plastic panel in such a manner as not to fall. However, we feel that the jury's answer that such employee did not fail to fasten and secure the plastic panel in such a manner as not to fall, is against the great weight and preponderance of the evidence. The testimony establishes that appellant was installing the electrical fixtures and doing the electrical work on the job; that on the date of the accident the work was being done in an area immediately above an entrance door where customers of Shaw's would be coming in and going out of the store; that the plastic panel was not permanently fastened but just fixed to keep it from falling down and hitting people going in and out of the store.

**528**

There is no evidence that any other worker other than appellant's employee was working in the area where the accident occurred or that any other worker had anything to do with the work in that area. The testimony further shows that although the plastic panel was supposed to be fixed so as to keep it from falling down and hitting people going in and out of the store; that it did fall on a customer who was doing so; that it was caused to fall by appellant's employee hitting it either with his hand or elbow.

■ Normally, when a trial court has entered judgment notwithstanding the verdict, and an appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless the appellee, by cross-points, presents grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. Jackson v. Ewton, 411 S.W.2d 715 (Tex.Sup.1967); Gulf, Colorado & Santa Fe Railway Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224 (1942); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, supra.

■ When an appellee has by proper cross-point raised the question that the jury's verdict is contrary to the great and overwhelming weight and preponderance of the evidence it is our duty to set aside the judgment and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, supra; Fisher v. Franke, 321 S.W.2d 903, 905 (Tex.Civ.App. —Texarkana 1959, no writ). Appellees' cross-point is sustained.

The judgment of the trial court is reversed and the cause remanded for a new trial.