Mrs. Edna NICKEL, Appellant,

v.

T. H. SNIDER, Administrator of the Estate of Charles K. Snider, Deceased, Appellee.

No. 695.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 7, 1972.

Rehearing Denied Oct. 5, 1972.

Lyman & Sudduth, Charles G. Lyman, Corpus Christi, for appellant.

O. F. Jones, Victoria, for intervenor Texas Farm Bureau Ins. Co.

Lawrence A. Dio, Fred P. Turner, Port Lavaca, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit for damages resulting from an automobile collision at an intersection. Trial was before the jury resulting in a judgment for the plaintiff. The defendant appeals.

Plaintiff, Charles K. Snider, was proceeding west on State Highway 35 west of Port Lavaca. The defendant appellant was travelling north on Farm to Market Road 2433. The intersection is controlled by a blinking yellow light on Highway 35 and a blinking red light and stop sign guarding the Farm to Market Road. The collision occurred in the intersection. The jury found that the defendant failed to yield the right of way and failed to keep a proper lookout, both of which were a proximate cause of the collision. It awarded $7,000.00 to the plaintiff for loss of wages and for pain and suffering. In addition, the judgment included $933.15 for medical expenses and $894.50 for property damages, which latter sums were stipulated by the parties. The jury exonerated the plaintff from contributory negligence in issues inquiring as to proper lookout, speeding, headlights and application of brakes.

The appellant's first three points of error concern the jury's answer to the damage issue in which the jury found that the plaintiff had been damaged in the amount of $7,000.00 for pain and suffering and loss of earnings. The plaintiff died five months before the trial of causes unrelated to the collision in question. His father, as administrator, was substituted as plaintiff. The special issue inquired as to the amount of damages due the plaintiff "from the date of the collision to the date of his death". There was no evidence as to the actual time Charles Snider died. Appellant contends in her first three points that the trial court erred in rendering judgment for any amount other than the stipulated damages and should have declared a mistrial and awarded defendant another trial.

■ The appellant made no objection to the damage issue. Rule 272, Texas Rules of Civil Procedure, provides that any objection to the court's written charge shall be presented to the court in writing before the charge is read to the jury and that any objections not so made and presented shall be waived. Appellant argues here, that her claim that the evidence was insufficient to warrant the submission of the issue is a type of an objection that may be made for the first time after the verdict is returned. She further contends that she can make such complaint (to disregard the issue) without objection to the submission of the issue. Citing Rule 301, T.R.C.P. This would be correct if there was no evidence of any damages. See Ingram v. Texas Industries, Inc., 396 S.W.2d 423 (Tex. Civ.App.—Ft. Worth 1965, n. r. e.); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966).

■ Since the actual date of the death of Charles Snider was not established, a proper objection to the submission of the issue as worded would have been in order. Either the trial court would then have been required to re-open the case and receive

evidence as to the date of death, or the damage issue would have had to be reworded to limit the damages from the date of accident until the date that Charles Sniders' deposition was taken, some eight months after the accident. However, since no objection was made to the issue, the error is deemed waived if there is some evidence of the damages. Rule 272, T.R. C.P. J. M. Dellinger, Inc. v. McMillon, 461 S.W.2d 471 (Tex.Civ.App.—Corpus Christi 1970, n. r. e.). It is true that the award of damages must be based on some competent evidence and not on mere conjecture. McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710 (1943). However, where there is some evidence of damages, the amount of the award must be left to the sound judgment and discretion of the jury. We must, of course, view the evidence in the most favorable light to the award. We cannot substitute our judgment for that of the jurors.

The evidence here clearly shows that Charles K. Snider was severely injured. He had two breaks in his leg; a severe compound fracture of his right leg with the leg bent in an angle. He suffered a mild cerebral concussion, lacerations to the face, abrasions and contusions, and was in severe pain. He remained in the hospital over two weeks and the doctor testified that he appeared to be in pain. A cast remained on his leg in excess of four months. The medical expenses that were stipulated to were over $900.00. He was gainfully employed prior to the accident, with a take-home pay of about $80.00 per week. Earlier he had been earning close to $100.-00 per week. The evidence was undisputed that he was unable to work from the date of the accident, that is February 21, 1970, until the date of the deposition, October 29, 1970. Appellant does not complain of the excessiveness of the award. We therefore hold that the evidence was sufficient to support the verdict. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). These points are overruled.

■ The appellant's next series of points relate to the trial court's refusal to admit into evidence an unsworn signed statement taken from the deceased plaintiff, Charles K. Snider, shortly after the accident by an insurance adjuster. The offered statement contradicted in a minor way Charles K. Snider's testimony which he made in his deposition. We conclude that the trial court was in error in refusing to admit the statement into evidence. However, we cannot say that the excluded testimony would have in all reasonable probability resulted in a jury verdict on which a judgment for the appellant could have been rendered. Duncan v. Smith, 393 S.W.2d 798 (Tex.Sup.1965).

The only testimonial value that the offered statement might have would be relative to the contributory negligence issue of proper lookout. There were only two witnesses to the accident—the deceased, Charles K. Snider, and the defendant. The testimony from the defendant was that she was approaching the intersection at a speed of approximately 40 miles per hour. She admitted to the officer who investigated the accident that she had been drinking. The officer testified that he found a broken whiskey bottle in the car. The defendant's passenger suffered amnesia and was unable to recall any of the events of the accident. The appellant remembered a sign warning her of a stop signal ahead. She testified that there was a red blinking light at the intersection and a stop sign commanding her to stop. She testified that she stopped at the intersection. She proceeded into the intersection. She was asked the following question: "Do you recall as to when you did first see it?" (the plaintiff's vehicle). She answered: "When it hit me." Later she testified that she always looked just "straight ahead". The jury convicted the defendant of failure to keep a proper lookout and a failure to yield the right of way to the plaintiff's vehicle, which acts of negligence were found to be a proximate cause of the collision.

The plaintiff Charles K. Snider testified as follows:

"Q What is the last thing that you remember before the collision?

A I remember seeing her coming and I tried to miss her and I turned my steering wheel, and that's all I can remember.

Q You turned your steering wheel in what direction?

A To the right.

Q And you say you saw her coming?

A Yes, sir.

Q Where was she?

A I don't remember where she was at.

Q Was she in the intersection?

A No, sir.

Q Was she to your left or to your right?

A She's be to my left.

Q And was she back of the intersection then?

A Well, as far as I can remember, the first time I seen her she was.

Q About how far away from the intersection was she?

A I wouldn't know.

Q How fast was she going?

A I couldn't say. . . . "

Snider did not testify that the defendant stopped at the intersection. The statement given by Charles K. Snider to the insurance adjuster prior to the taking of the deposition, which was not admitted into evidence, stated in part:

". . . I looked to both the right and the left as I approached the intersection. I did not see a car coming from either the left or the right. I never saw the other car at all until it was already in the intersection. At that time I was just about under the flashing light. I did not have time to hit my brakes at all. I did manage to cut to the right a little but I just didn't see the other car until it was too late. . . . "

The attorney for the appellant introduced into evidence the following part of Snider's deposition which relates to the above statement:

"Q All right. Did you ever tell anyone that at that time when you first saw the other car you were just about under the flashing light?

A I don't know.

Q Did you ever sign a statement to that effect?

A I signed a statement but—

Q Did you ever tell anyone that you just didn't see the other car until it was too late?

A I don't remember really.

Q You don't deny having said that, do you?

A No, I won't deny it."

The appellant argues that the statement was admissible as either an admission or a declaration against interest and in any event it should have been admitted for the purpose of impeachment. We agree that the statement should have been admitted for its testimonial value concerning the issue of proper lookout. Duncan v. Smith, supra; Taylor v. Owen, 290 S.W.2d 771 (Tex.Civ.App.—San Antonio 1956, n. r. e.). A review of all the evidence in the record, including the slightly contradictory statements made in the written statement

to the adjuster, convinces us that even if the jury could have found from all of the evidence, including the statement in question, that plaintiff Charles K. Snider had failed to keep a proper lookout, there was no evidence in the record that such failure was a proximate cause of the collision in question. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79 (1956).

■ Proximate cause includes two essential elements: Causation and foreseeability. Baumler v. Hazelwood, supra. In order for proximate cause to exist there must be foreseeability and causation in fact. To have convicted Snider of failing to keep a proper lookout and that such failure was the proximate cause of the collision, the collision must have been foreseen by him in time for him to have avoided the collision. "But for such failure, the collision would not have occurred." Samford v. Duff, 483 S.W.2d 517 (Tex. Civ.App.—Corpus Christi 1972) and authorities cited therein. Proximate cause cannot be established by mere conjecture or guess. Ussery v. Ewell Hodges, Inc., 417 S.W.2d 332 (Tex.Civ.App.—Tyler 1967) and authorities cited. We hold that the failure of the trial court to admit the statement was harmless error under the circumstances. The appellant has failed to demonstrate that such error caused or probably caused the rendition of an improper verdict. Rule 434, T.R.C.P.

■ Appellant in her point of error No. 8 complains because the trial court refused to submit an issue on whether or not Charles K. Snider was operating his vehicle without the headlights turned on. She argues that there was evidence authorizing submission of the issue because: 1) Defendant testified that she did not see plaintiff's car approaching the intersection; and 2) because the investigating officer testified that he could not tell whether the lights were burning on the Snider car or not at the time of the accident,

since the lights were knocked out by the collision when he arrived at the scene. This was all of the evidence. We hold that this was no evidence that Charles K. Snider was operating his automobile without the headlights turned on. The point of error is overruled.

Next the appellant complains in a series of points that the trial court erred in submitting special issues 5 and 6. Special Issue 5 stated as follows:

"Do you find from a preponderance of the evidence that the failure of Mrs. Edna Nickel to yield to the vehicle driven by Charles Snider was negligence?

Answer 'We do' or 'we do not'.

Answer: We do.

In connection with this issue, you are instructed as follows:

The driver of a vehicle approaching the intersection of a different street or roadway is required to stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign and, after so stopping, may only proceed when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway.

If you have answered Special Issue No. 5 'We do', then answer Special Issue No. 6; otherwise do not answer Special Issue No. 6.

Special Issue No. 6.

Do you find from a preponderance of the evidence that the failure of Mrs. Edna Nickel to yield to the vehicle driven by Charles Keith Snider was a proximate cause of the occurrence in question?

Answer 'We do' or 'We do not.'

Answer: We do".

Appellant's complaint is that the trial court by giving the instructions in connec-

tion with special issue 5 gave a "general charge" and commented on the weight of the evidence.

■ The special issues complained of were taken from Texas Pattern Jury Charges. The submission of this issue is based on Art. 6701d, Vernon's Ann.Civ. St. We hold that this instruction given by the trial court was necessary to enable the jury to intelligently pass upon the issues. It was proper under Rule 277, T.R. C.P. See PJC, Section 6.01, pp. 161–163. These points are overruled.

Appellant's 13th Point of error complains of jury argument by plaintiff's attorney.

The attorney, Mr. Dio, stated:

"MR. DIO: Now, remember this, Charles makes a big to-do—Charles Lyman, he makes a big to-do about the Snider boy, what he should have done and he, man, he said it four times—I wrote it down—he should have, he should have, he should have, he said it about four in a row. Charles Snider, proceeding east to west on that road, had a right to expect that woman to stop. He had no obligation to stop. When you all drive your cars—don't throw away your common sense just because it's not in the instructions—when you drive your cars and you are going through a green light and I am approaching a red light, do you expect me to keep going?

MR. LYMAN: Now, if your Honor please, I object to counsel asking the jurors to put themselves—

MR. DIO: I withdraw—

MR. LYMAN: —personally in the position, and he knows that's wrong—

MR. DIO: Let me get on with my argument.

MR. LYMAN: —of one or the other of the drivers.

THE COURT: What is your objection?

MR. LYMAN: He asked the jurors to personally put themselves in one or the other of the driver's positions and that's wrong.

MR. DIO: I asked them that they have a right to use their common sense and their common judgment and to use it. That's all I ask.

MR. LYMAN: He says, when you are driving an automobile, what do you do, you don't expect, and so forth, and that's a personal appeal to the individuality of the jurors and it is improper.

THE COURT: All right. Proceed, counsel.

MR. DIO: All right, sir.

MR. LYMAN: May we have the jury instructed to disregard that?

THE COURT: The objection is overruled, counsel.

MR. LYMAN: Note my exception."

■ The argument by plaintiff's attorney carried no direct appeal to the jurors to put themslves in the place of the litigant in considering the causation in fact or the specific injuries to the plaintiff. It was not in the nature of a general appeal to the jurors to apply the golden rule. We believe that counsel was answering the attorney for the defendant as he prefaced his remarks on what the appellant's attorney had already said. If there was any error we deem it harmless. Rule 434, T.R. C.P. See Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943).

The insurance company that carried the property damage insurance on Charles K. Snider's automobile intervened to recover the amount it had paid Snider. During the course of trial the amount of damages to the car was stipulated. This amount was included in the judgment along with the other damages as being the amount the plaintiff was entitled to recover from the defendant. The judgment does not mention the intervenor. Appellant claims that

because the court did not make any disposition of intervenor's petition and because it does not dispose of all the parties or their claims, the judgment is interlocutory and not final.

The intervenor filed a brief in this Court in which it states that the intervenor's petition shows that it is a derivative claim of the plaintiff and that the intervenor is not entitled to recover unless the plaintiff recovers. Since the plaintiff has recovered, the intervenor prays that the judgment of the trial court be affirmed. In addition, the intervenor's attorneys filed a letter with the district clerk which appears in the transcript. The letter states that they have no objection to the judgment as written. The intervenor's attorneys approved the judgment as to form.

There are a great number of decisions dealing with finality of judgments in various fact situations. It is not unreasonable for us to presume in favor of the finality of this judgment. The intervenor either elected to waive and abandon its plea of intervention or the plaintiff and intervenor have reached some other agreement that does not appear of record. It was said in North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966):

"... When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties ...."

Finality of a judgment is shown by necessary implication where it disposes of all of the issues raised by a plea of intervention. Since the judgment disposes of the property damage by the stipulated amount and no complaint is made by the intervenor, but it in fact joins in the affirmance of the judgment, we presume that intervenor's claim has been disposed of and the judgment is final. See 33 Tex.Jur.2d § 91, "Judgments", p. 610, and authorities cited therein.

We have considered all of appellant's points of error and they are overruled. The judgment of the trial court is affirmed.