Mary **OWSLEY**, Appellant,

v.

**SAFEWAY STORES, INCORPORATED,**
Appellee.

No. 17334.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 27, 1972.

N. Michael Kensel and Lowell E. Dushman, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn and William L. Hughes, Jr., Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a slip and fall case instituted by Mary Owsley against Safeway Stores, Incorporated. Trial was to a jury.

The jury found in answer to Issue No. 1 that Safeway did not fail to exercise ordinary care to warn the plaintiff of the condition of the floor and Issue No. 2 on proximate cause was therefore not answered. The jury did not answer No. 3, inquiring as to whether Safeway failed to exercise ordinary care to barricade the area where the plaintiff fell, or Issue No. 4 as to proximate cause. In answer to Issue No. 5 the jury found that the plaintiff failed to keep such a lookout as a person using ordinary care would have kept and No. 6 that such failure to keep a proper lookout was a proximate cause of her falling. To Issue No. 7 the jury answered that the plaintiff, in the exercise of ordinary care for her own safety, should have known and appreciated any danger which existed in the aisle, and No. 8 such failure to have done so was a proximate cause. In answering No. 9 the jury found the condition in the aisle was open and obvious. It answered "None" to each of the elements (a, b and c) of No. 10, the damage issue. In answer to No. 11 it found that the reasonable expenses for necessary medical care received by plaintiff in the past was $560.00 and in answer to No. 12 that future expenses would amount to $400.00.

As above reflected the jury made no affirmative findings of negligence against Safeway, the appellee. It made contributory negligence findings adverse to the appellant, Owsley.

Judgment, based upon the above findings of the jury, was rendered for the appellee. This appeal from such judgment is based upon thirty-six (36) points of error.

We affirm.

Most of the appellant's points of error are based upon no evidence and insufficient evidence.

It is undisputed that prior to the incident in question the appellant had been in this Safeway Store as a customer three or four times weekly since moving to Fort Worth. She has resided in Fort Worth twenty or more years.

This Court has examined the entire record presented on this appeal. We do not believe that any useful purpose will be served by recounting and quoting the testimony and other evidence presented in view of our affirmance of the judgment of the trial court.

■ We are of the opinion and hold that there is ample evidence in the record to support each and every finding made by the jury in this cause. None of such findings are so against a preponderance of the evidence as to be manifestly unjust or clearly wrong. Beck v. Lawler, 422 S.W. 2d 816, 818 (Fort Worth Tex.Civ.App., 1967, writ ref., n.r.e.).

There is nothing in the record of this cause which shows or indicates the jury verdict to be the result of passion, prejudice or improper motive, or in such obvious conflict with the justice of the case as to render it unconscionable. Bradford v. Fort Worth Transit Company, 450 S. W.2d 919, 928 (Fort Worth Tex.Civ.App., 1970, writ ref., n.r.e.).

Each of appellant's points based upon grounds of no evidence and insufficient evidence are overruled.

The main thrust of the appellant's brief is to elude the effect of the contributory negligence findings of the jury which preclude any recovery by her in this cause.

■ The only way appellant can escape the effect of the contributory negligence findings of the jury is to place appellee in the position of being an insurer of the safety of its patrons. Unable to find any authority to sustain this position the appellant resorts to an added theory of "attractive display." Under the latter theory the appellant argues that there is "no duty" on appellant where the merchandise is attractively displayed.

In Texas the duty of an occupier of business premises to an invitee is contained in the provisions of Section 343, Restatement (Second) of Torts. Western Auto Supply Company v. Campbell, 373 S.W.2d 735 (Tex.Sup., 1963).

This rule is equally applicable to a retail self-service grocer as to other business occupiers. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.Sup., 1968). Rule 343 does not in any manner attempt to make the occupier an insurer of the safety of its patrons nor establish a rule of strict liability.

It has long been the established rule in Texas that the occupier is not an insurer of the safety of its patrons. McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940, 942 (1956); Parker Food Stores, Inc. v. Pierce, 374 S.W.2d 699, 704 (Fort Worth Tex.Civ.App., 1964, writ ref., n.r.e.); Worth Food Markets v. Le Baume, 112 S. W.2d 1089, 1091 (Fort Worth Tex.Civ. App., 1938, writ dism.); Smith v. Safeway Stores, 167 S.W.2d 1044, 1046 (Fort Worth Tex.Civ.App., 1943, no writ hist.); Henderson v. Pipkin Grocery Co., 268 S.W.2d 703, 705 (El Paso Tex.Civ.App., 1954, writ dism.); Great Atlantic & Pacific Tea Company v. Giles, 354 S.W.2d 410, 414 (Dallas Tex.Civ.App., 1962, writ ref., n.r. e.); J. Weingarten, Inc. v. Tyra, 381 S. W.2d 215, 218 (Tyler Tex.Civ.App., 1964, no writ hist.).

It is clear under the above cited authorities that the law under Texas decisions does not make the storekeeper an insurer of the safety of his patrons whether the

same be a self-service grocery store or some other type retail establishment. Neither is strict liability imposed on the merchant.

The appellant cites four Texas cases and numerous cases from foreign jurisdictions in support of her theory of no duty when the merchandise is attractively displayed. The authorities cited by the appellant do not relieve the customer from a duty to maintain a vigil for her own safety. They relate to attractive displays as one possible factor, among many others, in determining the ultimate issues of contributory negligence and proximate cause. Such authorities do not change the basic duty of the occupier nor establish an exception or escape from the basic obligation or duty of either party. The authorities cited by the appellant have no application to the facts of this case. Many of the cited cases were summary judgment cases which were reversed because fact issues were raised in connection with the issues of negligence and proximate cause.

■ Appellant complains of the submission of Special Issues 5, 6, 7 and 8 on the grounds that they do not make inquiry as to any legal duty imposed on appellant for her own safety and because they are prejudicially duplicitous. These two sets of issues were raised by the pleadings of the appellee as grounds of contributory negligence and were supported by the evidence.

In Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, 631 (1941) the court stated:

"It is the settled law that under our present special issue statutes the defendant has the same right to have his defensive issues submitted to the jury that the plaintiff has to have his offensive issues submitted. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 522. We quote the following from the opinion in the case just cited: 'Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved.' "

The issue of lookout is an appropriate inquiry of contributory negligence in a suit brought by a customer against the owner of a self-service grocery store. Snead v. H. E. Butt Grocery Company, 397 S.W.2d 332, 333 (Waco Tex.Civ.App., 1965, no writ hist.); Price v. Minyard's Food Stores, Inc., 424 S.W.2d 51 (Dallas Tex. Civ. App., 1968, no writ hist.); Soto v. Biel Grocery Company, 462 S.W.2d 89, 93 (Corpus Christi Tex.Civ.App., 1970, no writ hist.); Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (1950).

The submission of the "should have known and appreciated" issues was an appropriate inquiry to the jury under pleadings of contributory negligence. "Should have known" and "should have appreciated" are not a part of the "no duty" and volenti doctrines. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 379 (Tex. Sup., 1963). In Halepeska the court said that "Another basic difference is that in contributory negligence cases, there must be a finding of proximate cause of the injury; whereas in the 'no duty' and volenti cases, proximate cause is not an element. Moreover, the test in contributory negligence is generally objective: should plaintiff, as an ordinary, prudent person, have known by the exercise of ordinary care. The test in 'no duty' and volenti, however, is subjective: did plaintiff know and appreciate. Comment 'c' § 496D of the Proposed Restatement of Torts, Second, supra, footnote 3, states, 'the standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence.' "

See also Scott v. Liebman, 404 S.W.2d 288, 291 (Tex.Sup., 1966); Sproles v. L. J.

Sharp Hardware, Inc., 419 S.W.2d 680, 685 (Dallas Tex.Civ.App., 1967, writ ref., n.r. e.).

The submission of these two sets of issues to the jury was not unwarranted nor unusual and it was not error to submit them.

Appellant raises several points of error complaining of the jury answers of "None" to the three elements of damage in Special Issue No. 10. In this connection appellant contends that such answers of the jury constitute reversible error and are independent grounds for a reversal of this case.

The answers of the jury complained of by the appellant are not grounds for reversal in a case such as this in which appellant has been convicted of contributory negligence. The issues become immaterial on the findings of contributory negligence.

Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (Tex. Com.App., 1939); O'Day v. Sakowitz Brothers, 462 S.W.2d 119, 124 (Houston Tex.Civ.App. (1st Dist.) 1970, writ ref., n.r.e.); Burns v. Bridge Engineering Corporation, 465 S.W.2d 427, 434 (Houston Tex.Civ.App. (14th Dist.) 1971, writ ref., n.r.e.); Owens v. Rogers, 446 S.W.2d 865 (Tex.Sup., 1969).

Under the authorities above cited the jury's findings in response to Issue No. 10 are immaterial in view of the affirmative findings of contributory negligence on the part of the appellant and in the absence of any showing that such answers resulted from undue prejudice against her. Appellant made no showing of any undue prejudice against her.

We have discussed all phases of this cause which were raised by the appellant's points of error. Each point of error has been considered and each of such points is overruled.

The judgment of the trial court is affirmed.