John STOCKTON, Appellant,

v.

Joe LONGMORE, Appellee.

No. 772.

Court of Civil Appeals of Texas,
Corpus Christi.

July 31, 1973.

Rehearing Denied Aug. 31, 1973.

Allison, Maddin, White & Brin, Guy Allison, Corpus Christi, for appellant.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, James W. Wray, Jr., Corpus Christi, for appellee.

NYE, Chief Justice.

This is a suit for personal injuries brought by John Stockton against Joe Longmore as a result of an intersectional collision in Corpus Christi, Texas. The jury convicted the defendant of negligence in moving his vehicle across the center line and failing to keep his vehicle on the right half of the roadway, which failures were a proximate cause of the accident. Additionally, the jury found that the plaintiff was contributorily negligent in failing to keep a proper lookout and in failing to make a proper application of his brakes, each of which were a proximate cause of the collision in question. It is from a take-nothing judgment that the plaintiff has perfected his appeal.

The accident occurred at the intersection of Swantner and Indiana Streets. At this intersection, Swantner runs north and south and forms the top part of a "T" intersection with Indiana entering from the east. Swantner Street is almost twice as wide as Indiana, being 42 feet as compared with 24 feet wide. The defendant was driving a pickup truck south on Swantner, attempting to make a left turn into Indiana. The appellant had the right of way. The plaintiff was travelling north on Swantner at a speed of approximately 25 miles per hour.

The investigating police officer measured the point of impact as being 22 feet north of the north curbline of Indiana Street and nine feet west of the east curbline of Swantner Street. The officer estimated that the speed of both vehicles was approximately the same, since neither car moved after impact except that their respective back ends rotated three to four feet clockwise. The accident occurred during daylight. The road was wet from a rain.

The appellant's points of appeal are that there is no evidence to support the jury's answers to the issues of contributory negligence and proximate cause and that the evidence is factually insufficient to support the jury's answers, or in the alternative, that the findings are against the great weight and preponderance of the evidence. The rules governing consideration of no evidence and insufficient evidence points have been repeated many times. They have been well-stated by the Honorable Robert W. Calvert, "No Evidence" and "Insufficient Evidence," 38 Tex.L.Rev. 359 (April 1960). Following the guidelines to these familiar rules we must review the entire record that is before us. We therefore analyze all of the evidence on both sides of the issues in a brief and general way.

The defendant stated that as he approached the intersection of Indiana he slowed down almost to a stop. He stated that he shifted into low gear and proceeded to make a turn. He said he was moving at about 10–15 miles per hour at the time of the collision. He testified that plaintiff's vehicle was approximately 35 feet from him as he crossed the center line of Swantner Street. When the accident became evident, the defendant turned to the left to avoid the collision, but could not. He said that he thought that the plaintiff had room to go behind him or should have yielded to him.

The investigating officer estimated the speed of both vehicles at 20–25 miles per hour, from what the parties told the officer at the scene of the accident. The officer's opinion as to the cause of the accident was defendant's cutting the corner too soon and making the turn in front of plaintiff's vehicle. He testified that the vehicles were about 20 feet in length. The plaintiff's only testimony as to lookout was in response to the question of when he first saw the defendant:

"A—Well, when I first saw him, he was coming across the center line."

"Q—The center lane or the center line?"

"A—The center line."

"Q—Center line only. So, it does make a difference, you see?

"A—I would say approximately two car lengths from me."

The defendant stated that he hit his brakes hard and tried to turn to the left but could not avoid the accident. He estimated his own speed at 20–25 miles per hour immediately before the accident.

 The defendant's negligence is uncontradicted on appeal. His negligence being the proximate cause of the collision is not disputed. Where you have an intersectional collision and the question of lookout is decisive on the question of liability, the rule of law that is applied in such situations was well stated in Thornton v. Campise, 459 S.W.2d 455 (Tex.Civ.App. —Houston 14th 1970, n. r. e.) :

" . . . In an intersection collision the driver with the right of way is under a duty to take evasive action (or his failure to take evasive action is negligence) only after the other driver without the right of way has done something which would alert a reasonably prudent person to the danger of a collision if evasive action is not taken. Skyline Cab Company v. Bradley, Tex.Civ.App., 325 S.W.2d 176, n. r. e. Also, as related to an intersection collision, the driver with the right of way ordinarily has a duty to keep a lookout for other vehicles entering the intersection and his failure to do so is negligence, but such failure to keep a proper lookout is a proximate cause of the collision only if such lookout would have revealed something on the part of the other vehicle that, if seen, would have alerted him to the danger of a collision at such time or distance that proper evasive action taken by him would have prevented it. That is to say, the situation must be such that the collision would not have occurred 'but for' his failure to keep a proper lookout. . . . "

 In order for plaintiff's failure to keep a proper lookout to be a proximate cause of the collision in question, it must have been an actual cause thereof. In other words it must have been negligence "but for" which the collision would not have occurred. Samford v. Duff, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, n. r. e.). In order for plaintiff's failure to keep a proper lookout to be a proximate cause of this collision, he must have failed to see something that he should have seen which would have alerted him to the danger that the defendant was going to turn into his path as he was attempting to enter the intersection, under such circumstances that he could have avoided the collision.

 Defendant attempts to explain the accident in such a way that by disregarding direct evidence and by figuring the position of the vehicles after the collision, plaintiff could have taken effective evasive action, thereby preventing the collision. It is his theory that the defendant made a long sweeping turn in front of the plaintiff far enough back from which the plaintiff could have avoided the accident, had he kept a proper lookout and/or made proper application of his brakes. This argument disregards the positive direct evidence of the parties themselves. The defendant stated that the plaintiff was about 35 feet from him when he crossed the center line. The plaintiff stated that he was about two car lengths (40 feet) from the defendant when the defendant turned in front of him. Using this evidence, the defendant travelled from 11 to 15 feet to the point of impact, and the plaintiff travelled 20 to 29 feet during the same interval of time. Plaintiff's duty to take evasive action arose only when he had notice that the defendant was going to make the turn in front of him. Even this defendant was unable to take any effective evasive action before he was hit.

In the Samford v. Duff case, supra, we reiterated the rule that as a matter of law the time required for a normal driver to react to danger is three-fourths of a second. At a speed of 20 miles per hour plaintiff's car would have travelled 22.75 feet, and at 30 miles per hour would have gone 33 feet before any evasive action could have been taken. Here, plaintiff's speed of 20–25 miles per hour would have him travelling more than half of the 40 feet between the two vehicles before he could have attempted any action on the wet street. By taking into consideration the defendant's speed, estimated from 10 to 20 miles per hour, the distance between the vehicles closed before reaction by either driver could have prevented the accident. If we use the defendant's estimate of 35 feet between the vehicles and the officer's estimate of defendant's speed (20 miles per hour) when he first moved across the center line, the distances are less and the time is shorter. Even plaintiff's rather short estimate of reaction and stopping time was not sufficient to have prevented the accident.

Proximate cause includes two essential elements: foreseeability and cause in fact. Both must be shown by the evidence to exist in order to sustain a jury's finding that the plaintiff's failure to keep a proper lookout was a proximate cause of the collision. Pittman v. Licerio, 496 S. W.2d 676 (Tex.Civ.App.—Corpus Christi 1973); O'Neill v. Craig, 493 S.W.2d 898 (Tex.Civ.App.—Corpus Christi 1973, n. r. e.); Nickel v. Snider, 484 S.W.2d 940 (Tex.Civ.App.—Corpus Christi 1972, n. r. e.); Samford v. Duff, supra. Having considered all of the evidence, we hold that the jury's finding on proximate cause is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Appellant's point of error is sustained.

The jury's finding as to improper application of brakes is also contrary to the great weight and preponderance of the

evidence as to be clearly wrong. If the plaintiff had no time to react before the collision in question as a result of his lookout, he had no time to have effectively applied his brakes on a wet street. His duty to apply the brakes did not arise before the plaintiff was physically able to react in time to do so effectively. Appellant's points of error on this issue are also sustained.

The judgment of the trial court is reversed and the cause is remanded for a new trial.