John **PATINO**, Appellant,

v.

**FURR'S SUPERMARKETS**, Appellee.

No. 6396.

Court of Civil Appeals of Texas, El Paso.

July 17, 1974.

Rehearing Denied July 31, 1974.

Harold Duncan, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., El Paso, for appellee.

OPINION

OSBORN, Justice.

This is a slip and fall case. A customer of the Appellee spilled some cooking oil on the floor of an aisle in the grocery store where she was shopping, and while an employee was mopping the floor the Appellant slipped and fell causing the injuries made the basis of this suit. The jury found that (1) Appellant did not have actual knowledge of the danger of walking where the cooking oil had spilled; (2) Appellant did not appreciate the danger of walking where the cooking oil had spilled; (3) Appellee's failure to warn of the condition of the floor was negligence; and (4) a proximate cause of Appellant's fall; (5) Appellee's failure to block off or barricade the aisle was negligence; and (6) a proximate cause of the Appellant's fall; (7) Appellant did not voluntarily assume the risk of walking in the area where oil had been spilled; (8) Appellant failed to keep such a lookout as a person in the exercise of ordinary care would have kept under the same or similar circumstances; and (9) such failure was a proximate cause of the Appellant's fall; and (10) $12,500.00 in damages. Based upon the finding of contributory negligence, the trial Court entered judgment for the Appellee. We affirm.

The Appellant first contends that the trial Court erred in failing to enter judgment for him based upon the jury's verdict. Basically, he attacks the jury finding of failure to keep a proper lookout as a general finding insufficient to support a judgment for Appellee, particularly in view of the finding that he did not voluntarily assume the risk with which he became involved.

As noted in the footnote of Justice Pope's opinion in Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972), the defensive issues in this type case will include both volenti issues and contributory negligence issues. A favorable finding for the invitee on the volenti issues is not in

conflict with comparable findings on the issue of lookout. Snead v. H. E. Butt Grocery Company, 397 S.W.2d 332 (Tex. Civ.App.—Waco 1965, no writ); Turner v. Victoria County Electric Co-operative Company, 428 S.W.2d 484 (Tex.Civ.App. —Waco 1968, no writ). In Owsley v. Safeway Stores, Incorporated, 486 S.W.2d 582 (Tex.Civ.App.—Fort Worth 1972, no writ), the Court specifically noted that the issue of lookout is an appropriate inquiry of contributory negligence in a suit brought by a customer against the owner of a self-service grocery store. This Court, in Locke v. J. H. Marks Trucking Company, 318 S.W.2d 1 (Tex.Civ.App.—El Paso 1958, no writ), pointed out that it is always the duty of a person to exercise ordinary care for his own safety, which includes keeping a proper lookout.

In United States Gypsum Co., Inc. v. Balfanz, 193 F.2d 1 (5th Cir. 1951), Chief Judge Hutcheson said:

"* * * It is a cardinal rule of law that 'a person is required to make reasonable use of his faculties of sight, hearing, and intelligence to discover dangers and conditions of danger to which he is, or might become, exposed, and one injured as a result of his failure to use his faculties to observe and discover a danger which would have been observed and discovered by an ordinarily prudent person is guilty of contributory negligence.' "

■ While the Appellant was not bound to anticipate any negligent conduct upon the part of the Appellee, he nevertheless was under a duty to use ordinary care to prevent injury to himself. This included a duty to keep a proper lookout. Contributory negligence proximately causing an injury is a complete bar to recovery against a negligent defendant. Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup.1969). Appellant's first point is overruled.

■ Appellant next contends that there is no evidence to support the jury's answers to Special Issues 8 and 9, and in the alternative, that there is insufficient evidence to support these findings. These points are determined within the required rules concerning these points and the no evidence point will be determined first. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev. 361 (1960). We must review the evidence in its most favorable light in support of the jury's findings, considering only the evidence and inferences which support the findings and reject the evidence and the inferences which are contrary to those findings. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957).

The customer who spilled the cooking oil testified that there were visible spots down the entire aisle. The store employee who was in the process of cleaning the floor testified that he was in the aisle with a bucket and a mop and wearing a red apron, mopping the floor, when the Appellant came down the aisle and fell at the point where he was actually mopping at the time. The Appellant acknowledged that before he went down the aisle where the accident occurred that he had noticed a lady and an old man walking through the aisle and that the old man kind of slipped and the lady grabbed his arm and prevented his falling. Concerning his own conduct, the Appellant testified on cross-examination as follows:

"Q   Did you look at the floor ever?

A   I don't think I did.

Q   And really you don't know whether it was wet or not, do you?

A   I know that it was wet or not now.

Q   Could you see any reflection off the floor where he had mopped?

A   It just looked clean.

Q   It looked clean. It looked different than the other flooring that you'd seen in Furr's that day, didn't it?

A   Well, I wasn't paying attention to the floor really."

A proper lookout means the Appellant must have looked in such an intelligent and careful manner as to enable him to see what a person in exercise of ordinary care and caution for the safety of himself and others would have seen under like circumstances. Naylor v. Lack, 243 S.W.2d 240 (Tex.Civ.App.—Dallas 1951, no writ). It also means that he must take such steps to guard against accidents which the conditions observed by him would reasonably indicate to be necessary. Merritt v. Phoenix Refining Co., 103 S.W.2d 415 (Tex.Civ.App.—San Antonio 1936, no writ). In Ingram v. Texas Industries, Inc., 396 S.W.2d 423 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.), an attack was made upon a jury finding that Mr. Ingram failed to keep a proper lookout for his own safety. In passing upon that issue, the Court noted that the jury is not only the judge of the facts and circumstances proved but may draw reasonable inferences and deductions from the evidence adduced before it, and that its findings may not be disregarded if the record discloses any evidence of probative value which, with inferences that may be drawn therefrom, will reasonably support the same.

Concerning the claim of "insufficient evidence" to support the jury findings, we reach the same conclusion that the Court reached in Snead v. H. E. Butt Grocery Company, supra, where Chief Justice McDonald, writing for the Court, said:

"We think the jury had a right to conclude that plaintiff did not keep a proper lookout, and that such was a proximate cause of the accident. We think such finding supported by ample evidence, and from the record as a whole not contrary to the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660."

The second point of error is overruled.

Appellant next contends that the trial Court erred in failing to enter judgment for Appellant after the Court refused to specifically find that Appellant was negligent in failing to realize that the floor where he was about to walk was probably in a dangerous condition. This contention having not been properly assigned as error in the Appellant's amended motion for new trial, the point is waived. Rule 374, Texas Rules of Civil Procedure. Nevertheless, we have considered the alleged error and the point is overruled. There was no necessity for the trial Court to find whether the Appellant should have realized that the floor where he was about to walk was probably in a dangerous condition. What the Appellant "should have known" and "should have appreciated" is not material insofar as the defense of volenti is concerned and would only be relevant with regard to whether the Appellant was guilty of contributory negligence, and thus the trial Court's finding on this issue even if favorable would avail the Appellant nothing. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963).

The judgment of the trial Court is affirmed.