RICHARDS MANUFACTURING COMPANY, Appellant,

v.

Robert ASPROMONTE et al., Appellees.

No. 16913.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 19, 1977.

COLEMAN, Chief Justice.

Sears, Roebuck & Company, Inc. has filed a motion with this court praying that the clerk of this court be directed to accept for filing a tendered cash deposit for costs on behalf of Sears, Roebuck & Company, Inc. and it be permitted to proceed as appellant by filing its brief carrying forward its points of error found in its amended motion for a new trial. The motion will be denied.

The complete record in this case, including transcript and statement of facts was filed by Richards Manufacturing Company, a co-defendant with Sears, Roebuck & Company, Inc. in the trial court, on March 4, 1977. On the date that Sears presented its deposit for costs the clerk of this court examined the transcript previously filed by Richards to determine if the appeal by Sears had been properly perfected and whether this court had jurisdiction over its attempted appeal as required by Rule 388, T.R.C.P. The transcript revealed that a judgment had been entered by the trial court on November 16, 1976. A motion for new trial was filed by Sears on November 29, 1976. Sears posted an appeal bond on December 15, 1976 and filed an amended motion for a new trial on January 11, 1977. The clerk of this court determined that Sears had not properly perfected its appeal and that this court lacked jurisdiction of it.

The question presented is whether or not the judgment entered by the trial court on November 16, 1976 was final for appeal purposes in the sense that it disposed of all parties and issues before the court. Sears has acknowledged in its motion that if the judgment is final for appeal purposes Sears is not entitled to the relief which it seeks.

The judgment entered by the trial court expressly disposes of the claim of plaintiff, Aspromonte, and the defenses of Richards Manufacturing Company and Sears, Roebuck & Company, Inc. It does not expressly dispose of a Plea In Intervention filed by Aetna Insurance Company. The Plea In Intervention filed by Aetna asserts that it has paid to Aspromonte $1,611.00 in Workmen's Compensation benefits and $903.40 in medical expenses. The Plea asserts that by reason of Article 8307, Section 6a, V.A.C.S., Aetna is subrogated to the rights of plaintiff, Aspromonte, against the various defendants to the extent of $2,514.40.

The judgment in the cause was entered on a jury's verdict in favor of plaintiff, Aspromonte, and against Richards Manufacturing Company and Sears, Roebuck & Company, Inc. Sears, Roebuck & Company, Inc. recovered full indemnity against Richards Manufacturing Company, and Richards Manufacturing Company was denied contribution from Sears, Roebuck & Company, Inc. The final paragraph of the judgment reads:

"It is further ORDERED, ADJUDGED AND DECREED by the Court that all relief sought by any party, not expressly granted herein is denied."

It is the contention of Sears, Roebuck & Company, Inc. that the judgment entered on November 16, 1976 was not a final judgment in that it failed to dispose of the Intervention filed by Aetna. Sears further contends that the judgment did become fi-

nal on January 4, 1977 when Aetna filed a Withdrawal Of Intervention. In this instrument Aetna acknowledged that on or about the 19th day of October, 1976 it received payment of the full amount claimed in its Plea In Intervention, and that it did abandon its intervention and did disclaim any further interest or participation whatever in the lawsuit. After a hearing in open court the trial court entered nunc pro tunc a notation in its minutes to reflect that on November 1, 1976 the attorney for the intervenor informed the trial judge that his claim had been paid in full and that with the permission of the court he would not be present at the trial and that the court had granted the permission requested but failed to enter this action on his docket.

After a careful consideration of prior cases the Supreme Court of Texas in *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), enunciated the basic rule relating to finality of judgments. The rule was stated in these words:

> . . . "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a "case" within the meaning of the foregoing rule. The rule will be subject to the exception created by *Davis v. McCray Refrigerator Sales Corporation*; but it will apply to separate claims of the plaintiff, cross-actions and counter-claims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. . ."

The judgment with which we are concerned was not one intrinsically interlocutory in character, and it was rendered and entered in a case regularly set for a conventional trial on the merit.

The holding of *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941), was formulated into a rule forming an exception to the general rule by the supreme court in *North East Independent School District v. Aldridge*, supra, in these words:

> "It will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action."

It will be presumed that the trial court in entering the judgment under consideration intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties, including the Plea In Intervention filed by Aetna. The record supports this presumption. *North East Independent School District v. Aldridge*, supra; *Nickel v. Snider*, 484 S.W.2d 940 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

The judgment entered by the trial court on November 16, 1976 was final for appeal purposes. Sears, Roebuck & Company, Inc. failed to perfect an appeal from this judgment. The motion is denied.