**MOBIL OIL COMPANY et al., Appellants,**

v.

**Albert A. DODD, Sr., Appellee.**

**No. 1002.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 18, 1975.

Rehearing Denied Oct. 16, 1975.

Maurice E. Amidel, Dallas, for appellants.

Michael W. Perrin, Fisher, Roch, McLendon & Gallagher, Houston, for appellee.

## OPINION

BISSETT, Justice.

This is a controlled traffic signal light intersection collision case. The action arose out of a right angle collision between a 1969 Plymouth automobile (car), owned and operated by Albert A. Dodd, Sr., and a 1968 Ford pickup truck (pickup) owned by Mobil Oil Corporation (Mobil) and operated by Rufus Haddon Hamilton, Mobil's employee.

Suit was instituted by Mr. Dodd on December 11, 1970 to recover damages for personal injuries allegedly sustained by him in the collision. Rufus Haddon Hamilton (who did not testify by deposition, or otherwise) died on March 12, 1971, from causes unrelated to the accident made the basis of this suit. Following a jury trial that began on January 25, 1975, judgment was rendered for plaintiff in the amount of $45,-000.00, which included $2,000.00 for past medical expenses, $3,000.00 for future medical bills and $40,000.00 for personal injuries. The defendants, Mobil Oil Corporation and the administrator of the Estate of Rufus Haddon Hamilton, deceased, have appealed from that judgment. The parties to this appeal will be referred to as plaintiff and defendants, as they were in the trial court.

The jury found that on the occasion in question Mr. Hamilton entered the intersection when the traffic signal light facing him was red; that he was driving at a greater rate of speed than a person of ordinary care would have driven; that he failed to keep a proper lookout; that he failed to make a proper application of the brakes; and that each such act or failure was a proximate cause of the accident. The jury also found that plaintiff did not enter the intersection when the traffic signal facing him was red; that at the time the signal light facing plaintiff turned green, the pickup driven by Mr. Hamilton had not already entered the intersection; that plaintiff was not driving at a greater rate of speed than a person using ordinary care would have driven; and that plaintiff did not fail to make such application of the brakes as a person using ordinary care would have made. The jury, however, did find that plaintiff failed to keep a proper lookout, but further found that such failure was not a proximate cause of the accident.

Defendants urge four points of error. In their first three points complaint is made of the trial court's refusal to submit their requested Special Issues Nos. 20, 21 and 22. The requested issues would have inquired into whether the plaintiff failed "to turn to the right before the occurrence in question" (No. 20); and, if so, whether "such failure was negligence" (No. 21); and, in the event that such failure was negligence, whether "such action was a proximate cause of the occurrence in question" (No. 22). They complain, in their fourth point, of the introduction into evidence of certain portions of a deposition. We first consider the first three points.

■ It is not necessary for the trial court to submit an issue on an undisputed fact. Rule 272, T.R.C.P.; *Sullivan v. Barnett,* 471 S.W.2d 39, 44 (Tex.Sup.1971). In this case, the trial court was not required to submit Special Issue No. 20 to the jury. It is undisputed that plaintiff did not turn to the right, and it is conclusively shown by the evidence that there was no obstruction in the streets that prevented such a turn. Defendants' first point is overruled.

Defendants, among other special defenses, plead that plaintiff's failure "to make such turning movements as would have been made by a person of ordinary care and prudence in the exercise of ordinary care to avoid colliding with the vehicle driven by

Rufus Haddon Hamilton" constituted negligence which proximately caused the accident. Therefore, requested Special Issues Nos. 21 and 22 should have been submitted if they were raised by the evidence. *Bell v. Campbell,* 434 S.W.2d 117 (Tex.Sup.1968).

The collision occurred in Bay City, Texas, on March 18, 1970, at about 8:30 a. m., at the intersection of Avenue C and Seventh Avenue. The streets, in the vicinity of the intersection, are straight and level. The pavement, at the time of the collision, was dry, and the weather was clear. Avenue C runs north and south and has two lanes of traffic; the west lane carries southbound traffic and the east lane carries northbound traffic. Seventh Avenue runs east and west and has four lanes of traffic; the north two lanes carry westbound traffic and the south two lanes carry eastbound traffic.

The intersection is controlled by a traffic signal light. Immediately preceding the accident, plaintiff was driving north in the east lane of Avenue C, and the pickup was proceeding east in the interior lane of Seventh Avenue. The collision occurred in the intersection. The right front of the pickup struck the left front side of plaintiff's car.

George F. Campbell, a passenger in the pickup who was called as a witness by the defendants, testified that Mr. Hamilton, immediately preceding the collision, was driving the pickup along Seventh Avenue at a speed of approximately 25 miles per hour. Mr. Campbell first saw plaintiff's car as it entered the intersection. He said that Mr. Hamilton applied his brakes after the pickup entered the intersection, and that the pickup laid down 15 feet of straight, heavy skid marks prior to impact. He placed the point of impact in the interior lane of Seventh Avenue for eastbound traffic and in the north lane of Avenue C, "beyond (to the east of) the center of the cross street (Avenue C)", and next to the centerline of Seventh Avenue "over half the width of a car from the centerline (of Seventh Avenue)". He further testified that Mr. Hamilton did

not "blow his horn", because "he did not have time" to do so.

Plaintiff testified that the traffic signal light was red as he approached the intersection; that he stopped in obedience to the red light; that he looked to the right and to the left; and that he saw the pickup at that time, when it was about a block away. He stated that when the signal light facing him turned green he proceeded forward, and as he started to enter the intersection the pickup was about half a block distant. His reply to the question why he did not wait until the pickup had cleared the intersection, was:

"I had the right-of-way. The light was green. I expected him to stop."

When asked whether he could have turned to the right and avoided the collision, he answered:

"I don't think so".

Plaintiff further testified that he proceeded from his stopped position into the intersection at a "normal" rate of speed; that while he was so proceeding he saw the pickup "just before it hit me", and he pushed the accelerator "all the way down"; that the car "probably" picked up speed, and was moving when it was hit by the pickup. Plaintiff also stated that he first realized that there was going to be a collision when he was about "halfway in the intersection", and that there was practically no time available for him to do anything in an attempt to avoid the accident. Plaintiff's answers to questions concerning the length of time available for him to take evasive action after it became apparent to him that the pickup would strike his car were: "none"; "a very short space"; "when I seen he wasn't going to stop, the collision had happened"; and an "instantaneous snap of the finger period of time". Those answers were not disputed by any testimony from anyone. Concerning distance, plaintiff estimated that the pickup was "a couple of car lengths" away when he realized that a collision was imminent.

The speed in miles per hour of plaintiff's car as it moved forward into the intersection was not established. There is no evidence as to the length of a city block in Bay City, Texas, the length or width of either vehicle involved, the width of the intersection, or the width of either of the two streets or of the traffic lanes contained therein.

Defendants contend that the failure of plaintiff to turn to the right raised the issues of contributory negligence and proximate cause because it is undisputed that: 1) the intersection was without obstruction; 2) the damage sustained by each vehicle was slight; 3) plaintiff tried to speed up; 4) there were no other vehicles in the lanes of traffic in either street at or near the intersection at the time of the collision; 5) there were no parked vehicles on Seventh Avenue in the area of the intersection when the accident occurred; and 6) there was nothing which prevented plaintiff's turning to the right. Defendants argue that such undisputed facts furnish a basis from which the jury could reasonably have inferred, had the requested issues been submitted, that the accident could have been avoided by plaintiff had he made a "slight turn to the right". We do not agree with either the contentions or the argument.

■ The burden is on a defendant, if he will escape liability for his own negligent acts or omissions, to both plead the defense of contributory negligence and to prove the elements thereof. *Le Master v. Fort Worth Transit Co.,* 138 Tex. 512, 160 S.W.2d 224 (1942). Contributory negligence is not established by evidence which is equally consistent with the exercise of care by plaintiff, or where the inference of due care is just as reasonable as is the inference of the absence thereof. *Dewhurst v. South Texas Rendering Co.,* 232 S.W.2d 135 (Tex.Civ. App.—San Antonio 1950, writ ref'd n. r. e.).

■ A person is not required to anticipate negligent or unlawful conduct on the part of another. *De Winne v. Allen,* 154 Tex. 316, 277 S.W.2d 95 (1955); *Bodine v.*

*Welder's Equipment Company,* 520 S.W.2d 407 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Pittman v. Licerio,* 496 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1973, no writ). A motorist who enters a controlled traffic signal light intersection on a green light has a right to assume that another motorist who, at the same time, is approaching the intersection from an intersecting street on a red light will stop and will not enter the intersection in disobedience to the red signal. *Perkins v. Hale,* 396 S.W.2d 149 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); *Cox v. City of Amarillo,* 391 S.W.2d 494 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). Such motorist is entitled to indulge in that assumption until he sees or should see that the other vehicle on the intersecting street has not obeyed or is not going to obey the stop signal. *Seinsheimer v. Burkhart,* 132 Tex. 336, 122 S.W.2d 1063 (1939, opinion adopted).

■ With respect to a collision in an intersection that is controlled by a traffic signal light, the driver with the right of way is under a duty to take evasive action, or his failure to take evasive action is negligence, only after the other driver without the right of way has done something which would alert a reasonably prudent person to the danger of a collision if evasive action is not taken. *Samford v. Duff,* 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Thornton v. Campise,* 459 S.W.2d 455 (Tex.Civ.App.—Houston (14th Dist.) 1970, writ ref'd n. r. e.). Here, plaintiff had the right of way; Mr. Hamilton did not. It is conclusively shown by the evidence that plaintiff exercised due care in entering the intersection. He was well into the intersection when he realized that there was going to be a collision. The prudence of plaintiff's action in proceeding across the intersection under the existing circumstances is further evidenced by the fact that the pickup struck plaintiff's car at a point when both vehicles were nearly out of the intersection. There is no evidence that Mr. Hamilton did anything prior to the time

that he entered the intersection that should have alerted plaintiff to the fact that he was going to run the red light. The fact that plaintiff did not turn to the right is not, of itself, direct evidence of negligence. The issue of plaintiff's contributory negligence in failing to turn to the right was not raised by the evidence. Under that state of the record, defendants were not entitled to the submission of their requested Special Issue No. 21.

▆▆▆▆ Proximate cause includes the two essential elements of 1) foreseeability and 2) cause in fact, both of which must be shown to exist. *Baumler v. Hazelwood,* 162 Tex. 361, 347 S.W.2d 560 (1961). The foreseeability element is raised by evidence that the actor as a person of ordinary intelligence and prudence should have anticipated the danger caused by his negligent acts or omissions. *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.Sup.1970). The cause in fact element is raised by evidence of a cause which produced an event without which the event would not have occurred. *Texas & Pacific Railway Company v. McCleery,* 418 S.W.2d 494 (Tex.Sup.1967).

Under the facts and circumstances presented, it was not foreseeable that Mr. Hamilton would run the red light. Plaintiff was not required to anticipate any illegal act by Mr. Hamilton. The element of foreseeability by plaintiff was not raised by the evidence, either direct or circumstantial.

Even if there was evidence that plaintiff was negligent in failing to turn his car to the right in an attempt to avoid the accident, or that the collision should have been foreseeable by him, or both, in order to establish cause in fact, once defendants showed that it was obvious that Mr. Hamilton was going to run the red light, defendants were also required to present evidence that plaintiff still had sufficient time to turn to the right and thereby prevent the accident.

While the exact position and speed of plaintiff's car immediately prior to impact were not clearly established by the evidence, the only reasonable inferences that can be inferred from all the facts in evidence, without ignoring the teachings of common sense and practical experience, are that plaintiff was moving at a moderate rate of speed across the intersection, had almost reached the interior lane of Seventh Avenue for eastbound traffic when he was put on notice that Mr. Hamilton had run the red light, and did not realize that there was going to be a collision until a split second before impact. Simply stated, there was no evidence that plaintiff should have seen the pickup when it entered the intersection on a red light (or when it became apparent that it was going to do so) when plaintiff was at a sufficient distance from the point of impact that he could have, under the conditions present, turned to the right and thus would have avoided the collision.

▆▆▆▆ During all of the time immediately preceding the collision, the pickup, traveling at 25 miles per hour, was moving at the rate of 36.7 feet per second. It is recognized as a matter of law that the time for a normal driver to react to danger under normal conditions is three-fourths (¾ths) of a second. *Murphy v. Whitehurst,* 300 S.W.2d 758 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.); *Stockton v. Longmore,* 498 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1973, no writ). It has also been held that the brief span of two (2) seconds does not give sufficient time for an actor to take evasive action. *Firestone Tire & Rubber Co. v. Rhodes,* 256 S.W.2d 448 (Tex.Civ. App.—Austin 1953, writ ref'd n. r. e.); *Green v. Pool,* 421 S.W.2d 439 (Tex.Civ.App. —Tyler 1967, no writ). Since the pickup skidded 15 feet, it can be inferred that Mr. Hamilton was approximately 42 feet away from the point of impact when he realized that there was going to be a collision. It can only be concluded that the front of plaintiff's car had already reached a point in the intersection when the pickup entered the intersection that it was then impossible for plaintiff to have turned right into the

outside traffic lane for eastbound traffic on Seventh Avenue. Therefore, the only lane available for a right turn was the interior lane for eastbound traffic in Seventh Avenue; plaintiff, in order to turn to the right into that lane, would have been required to make an instantaneous turn of ninety degrees. There is no evidence that the car, mechanically, could have made such a turn in the short period of time remaining before impact. Defendants' requested Special Issues Nos. 21 and 22 were not raised by the evidence. Defendants' second and third points are overruled.

We now consider defendants' fourth point. They say that the medical opinion of Dr. J. E. Cowart, who treated plaintiff for the bodily injuries sustained by him in the accident, should have been excluded because his opinion was not based upon any facts in the record as to how the accident happened, the position of the vehicles, the parts of plaintiff's body that were injured, or the position of plaintiff in his car at the time he was injured.

Dr. Cowart did not testify in person, but portions of his deposition were offered in evidence by plaintiff. He attended plaintiff at the hospital immediately after the occurrence of the collision. In response to whether or not he had examined or treated plaintiff since March 18, 1970, the doctor responded:

"I saw him March 18, 1970, and he stated in the history that I had taken from him, that I took from him that date, that he had been injured in an automobile accident that morning in the course of his employment, that he had injured his neck and his head and had suffered a mild concussion and suffered multiple contusions and sprains about the body."

Counsel for defendants did not object to either the question or the answer when counsel for plaintiff *first* read them into the record. The doctor was then asked by counsel for plaintiff:

"Doctor, you have stated the history that he gave you, being involved in an automobile accident on that date, what generally is encompassed by the medical word history?"

He answered:

"Well, we always take a history on a patient as to the nature of the symptoms that they have that pertain to the illness or in the case of injury, the immediate factors that pertain to that specific injury."

No objection was made *initially* to that question or to the answer thereto. The doctor then testified, without objection, concerning the results of his examination of plaintiff on March 18, 1970. He found evidence of an acute cervical sprain, contusions, bruises, scratches about the body, "probable" torn cartilage in the left knee, and an aggravation of a pre-existing condition.

Dr. Cowart then testified, also without objection, about the medications, therapy, and exercise procedures prescribed by him in the treatment of plaintiff's injuries; that plaintiff was later hospitalized in April, 1970, in March, 1971, and on two occasions in April, 1971; and that plaintiff had "been a patient of mine since 1963", but that he had not complained of an injury to his neck or knee prior to March 18, 1970.

Subsequently, plaintiff read into the record the following question from the deposition:

"Doctor, based upon your examination of Mr. Dodd, the history that you obtained from him, your prior treatment of him before March 18 of 1970, your education, experience and training, do you have an opinion, based upon reasonable medical probability, as to whether or not the neck injury and the knee injury that you have described above, were caused by an automobile accident of March 18, 1970?"

Defendant objected on the grounds:

". . . no proper predicate has been laid for this doctor to give a medical opinion to state whether or not what he

diagnosed was the result of the automobile accident, because it is not shown anywhere in this deposition that any facts whatsoever relative to this automobile accident were given to this doctor upon which to base his opinion, . . ."

The objection was overruled. The doctor's answer of "yes" was admitted by the trial court. Plaintiff then introduced portions of the deposition, over defendants' objections, relating to the medical history of plaintiff prior to March 18, 1970, treatment and medications administered following the accident, past medical bills, probable future medical expenses, and the doctor's opinion as to the extent of plaintiff's injuries and the probabilities facing plaintiff.

It is undisputed that plaintiff was taken to the hospital immediately after the accident, where he was attended by Dr. Cowart. Plaintiff testified that he sustained injuries to his neck, back, knee and leg as a result of the collision, and that he was treated for those injuries by Dr. Cowart, who had been his personal physician for several years prior to the accident. He stated that he had not injured his knee, back or neck prior to the accident. That statement was verified by Dr. Cowart.

Considerable latitude is permitted in the asking of hypothetical questions to expert witnesses, and the form and wording of the questions is left largely to the discretion of the trial court. *Foreman v. Texas Employers' Ins. Ass'n,* 150 Tex. 468, 241 S.W.2d 977, 980 (1951). It is not essential that a question to an expert witness embrace every fact in evidence. Counsel asking such a witness the question may assume, within the limits of the evidence, facts which enable the witness to express an opinion. *Buchanan v. Central Freight Lines, Inc.,* 462 S.W.2d 391 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Aetna Casualty & Surety Company v. Scruggs,* 413 S.W.2d 416 (Tex.Civ.App.—Corpus Christi 1967, no writ). Any facts omitted from the question propounded to the witness may be the subject matter of cross-examination by opposing counsel. *Shuffield v. Taylor,* 125 Tex. 601, 83 S.W.2d 955 (1935, opinion adopted). Here, the questions asked Dr. Cowart were not hypothetical, but were grounded on 1) his examination of plaintiff; 2) the "history" which he obtained from plaintiff; 3) his prior treatment of plaintiff before March 18, 1970; and 4) his education, experience and training. Counsel for defendants, who had every opportunity to cross-examine Dr. Cowart at the time his deposition was taken, chose not to avail himself of that right. If defendants were unduly concerned about the "history" that Dr. Cowart said plaintiff gave him at the hospital, they could have inquired about the same at the time of the deposition, or they could have called the doctor as a witness at the trial. They did neither.

Contrary to defendants' argument made in their brief, Dr. Cowart, according to the deposition, was told by plaintiff at the hospital on March 18, 1970 that he (plaintiff) had been injured that morning in an automobile accident and that he had sustained bodily injuries which he described to the doctor. The objections in the trial court and the contentions in this Court that "no proper factual predicate was laid" for Dr. Cowart "to give a medical opinion to state whether or not what he diagnosed was the result of an automobile accident" and the further contention in this appeal that the opinion was not admissible because there is nothing in the record to show "the part of appellee's body receiving trauma" are refuted by the doctor's own statement, as well as by testimony from plaintiff.

The grounds for the objections made in the trial court for the exclusion of the doctor's medical opinion and those advanced in this appeal are not the same. At the trial, defendants' objections were grounded on the assertion that the doctor had not been given any facts upon which to base his opinion that plaintiff was injured in the automobile accident. The point raised in the appeal states that it was error to admit such opinion because "it is not based on any

facts in the record. . . ." Be that as it may, the point is without merit.

 Facts relating to how the accident happened and the position of the vehicles, while relevant to the issues of contributory negligence and proximate cause, are immaterial to the furnishing of a basis for a medical opinion that plaintiff was injured in the collision. The position of plaintiff in his car at the times material to this lawsuit is not material to the formulation of an opinion from a qualified doctor with respect to the specific injuries sustained in the collision, their effect and extent. The trial court did not err in admitting Dr. Cowart's testimony into evidence. Defendants' fourth point is overruled.

The judgment of the trial court is affirmed.