Billy Joe FANNIN, Appellant,

v.

Clara Maude HALL et al., Appellees.

No. 1069.

Court of Civil Appeals of Texas, Tyler.

Feb. 2, 1978.

Rehearing Denied March 3, 1978.

William D. Perkins, Lufkin, for appellant.

Grover Russell, Jr., Fairchild, Hunt & Price, Center, for appellees.

**954**

MOORE, Justice.

This is a damage suit arising out of an automobile collision. Plaintiffs, Mrs. Clara Hall[1] and Mrs. Willie Ola Savage, were driving east on Highway 84 in Cherokee County, Texas, in an automobile driven by Mrs. Hall. Defendant, Billy Joe Fannin, was proceeding west on Highway 84 and, as he was attempting to turn left off the highway at an uncontrolled intersection, he collided with the automobile occupied by the plaintiffs.

Trial was to a jury. In response to special issues, the jury found that the defendant was guilty of negligence proximately causing the collision in that he failed to keep a proper lookout and drove into plaintiffs' lane of traffic when such movement could not be made with safety. The jury further found that the plaintiff, Mrs. Hall, was guilty of contributory negligence in failing to keep a proper lookout and also in failing to turn her vehicle to the right prior to the collision, and that such negligence proximately caused the collision, but found that she was not driving at an excessive rate of speed. Plaintiff, Mrs. Hall, moved to disregard the findings of contributory negligence[2] and proximate cause and further moved for judgment non obstante veredicto. The trial judge granted both motions and rendered judgment for Mrs. Hall non obstante veredicto. After disregarding the contributory negligence findings, the court entered judgment on the verdict awarding plaintiff, Clara Hall, the sum of $50,000.00 and plaintiff, Willie Ola Savage, the sum of $5,000.00.[3] Defendant perfected this appeal.

We affirm.

Defendant presents four points of error, complaining of the trial court's granting the judgment n. o. v. and disregarding the jury's findings that (1) plaintiff, Clara Hall, was negligent in failing to keep a proper lookout; (2) such failure was a proximate cause of the collision; (3) plaintiff, Clara Hall, was negligent in failing to turn her vehicle to the right immediately prior to the collision; and (4) such failure was a proximate cause of the collision. He contends that there was ample evidence of probative force to support each of the foregoing findings of contributory negligence and the court was therefore without authority to disregard them.

 A judgment n. o. v. is proper only where there is no evidence of probative value to support the submission of a special issue. *Harbin v. Seale*, 461 S.W.2d 591 (Tex.1970). In acting upon a motion for judgment n. o. v., all testimony must be considered in the light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974).

Initially it should be noted that the evidence with regard to how the accident actually occurred is confined to the testimony of Billy Joe Fannin, defendant, Ronny Lough, the investigating officer, and Mrs. Savage, the passenger in the Hall automobile. Plaintiff Clara Hall, who was almost 71 years of age at the time of the accident, was rendered non compos mentis after the accident and was therefore unable to testify.

The evidence shows that the collision occurred on State Highway No. 84, a two-lane highway approximately three miles east of the city of Rusk, during daylight hours on July 18, 1973, at approximately 7:30 p. m. The weather was clear and the highway was dry. Shortly before the collision, the defendant, who was then nineteen years of age, was driving a 1973 Ford automobile owned by his uncle in a westerly direction on Highway 84 on his way home from work. His home was situated approximately one and one-half miles south of the highway.

---

1. Mrs. Hall appears herein by and through her duly appointed guardian, Essie Mae Crump.

2. The accident occurred prior to the enactment of the Texas comparative negligence statute.

3. The judgment rendered in favor of Mrs. Savage, the passenger in the Hall automobile, is not challenged by defendant on this appeal.

In reaching his home it was necessary for him to turn left across the highway and enter an oil road which led to his residence. The oil road intersected the highway at a point described by some of the witnesses as being "in a valley." Defendant testified that as he approached the intersection, he saw a pickup truck approaching. He testified that when he came to a point on the highway directly opposite the oil road, he turned on his directional lights, came to a complete stop and waited there until the pickup truck was clear. According to his testimony, his visibility of the road ahead of him extended to the top of a hill which he estimated to be approximately 150 feet away. He testified that, after looking both backward and forward and not seeing any traffic, he turned to his left; that after traveling approximately one or two feet he collided with the plaintiff's automobile. He testified unequivocally that he did not see the plaintiff's vehicle until the time of the impact. At one point in his testimony he estimated the speed of the Hall automobile at 80–100 miles per hour, but later admitted he did not know the speed. He admitted having drunk two beers at about six o'clock that afternoon.

Mrs. Savage, age 77 at the time of trial, testified that she first saw the defendant's vehicle as it was coming down the hill some distance away from the point of the intersection. She testified that the defendant, without stopping and without turning on his directional lights, continued down the highway toward them until he reached the point of the intersection with the oil road when he suddenly turned to his left, striking the Hall automobile on the left side. She testified that immediately prior to the impact she and Mrs. Hall were situated at a point where the oil road intersected the highway and were traveling on their side of the highway at approximately 50 m. p. h. She testified that, shortly before the collision, she observed that Mrs. Hall appeared to be looking directly ahead of her down the highway. When asked if it would have been possible for Mrs. Hall to have pulled her automobile to the right in order to avoid the collision, she testified that at that particular time Mrs. Hall could not have turned to the right because she didn't have time to do so. She estimated that about a second elapsed between the time she saw the defendant turn to his left and the time of the impact. Immediately after the impact, she testified that the Hall automobile spun around on the highway and that both she and Mrs. Hall were thrown out of the automobile. The automobile then crossed the highway and collided head-on with a large tree.

Ronny Lough, a highway patrolman called by the plaintiffs, testified that he investigated the accident shortly after it occurred. According to his testimony the point of impact was approximately two feet left of the center stripe in the plaintiff's lane of travel. He testified that, upon viewing the two vehicles, he was of the opinion that the defendant's vehicle struck the plaintiff's vehicle on the left front fender near the door, and that the defendant's automobile was damaged at the front of the left fender. He was unable to find any skid marks on the highway at or near the point of impact.

Photographic evidence was offered showing the topography of the highway, as well as the condition of the two automobiles after the collision. According to the photographs, the highway at the point where the oil road intersected was straight with moderately-sized hills on either side thereof. There was a slight curve to the right as the highway approached the intersection from the direction in which the defendant was traveling. There was no testimony as to the exact distance from the top of the hills on either side of the oil road to the point of the intersection. According to the photographs the plaintiff's automobile was struck on the left front fender and extended all the way back to the rear fender, with the main impact being at or near the left front door. The imprint of a tree is shown on the front end of the plaintiff's automobile at a point slightly left of the center of the radiator. The photographs show that the defendant's automobile was damaged on the left front end of the bumper and on the left front end of the fender.

On the basis of the foregoing testimony defendant first argues that there was at least some evidence of probative force to support the jury's findings that Mrs. Hall failed to keep a proper lookout proximately causing the collision and that therefore the trial court erred in disregarding the jury's findings to that effect.

■ Defendant does not dispute the fact that his own failure to keep a proper lookout and his conduct in driving into the plaintiff's lane of traffic constituted negligence and that such negligence was a proximate cause of the collision. Under these circumstances, in order for the defendant to escape liability for his own negligent conduct, he had the burden of pleading and proving his defense of contributory negligence. *Samford v. Duff*, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi, 1972, writ ref'd n. r. e.); *MacDonald v. Skinner*, 347 S.W.2d 950 (Tex.Civ.App.—El Paso 1961, writ dism'd).

■ Every motorist has a duty to keep a proper lookout, but he is not required to anticipate negligence or other unlawful conduct on the part of another. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958); *De Winne v. Allen*, 154 Tex. 316, 277 S.W.2d 95 (1955).

■ We must assume that a reasonably prudent person in plaintiff's position who is keeping a proper lookout would have seen defendant's vehicle as it was coming down the hill from the opposite direction some distance from the intersection. Furthermore, if we take as true defendant's testimony that he came to a complete stop and turned on his left turn signal before turning, we must assume that a reasonably prudent person who is keeping a proper lookout would have seen the vehicle stopped with its turn signal on. We find no evidence, direct or circumstantial, that Mrs. Hall failed to see defendant's vehicle as it was either approaching the intersection some distance away or stopped at the intersection with its turn signal on. The testimony of Mrs. Savage that she, Mrs. Savage, did not see defendant come to a complete stop with his turn signal on at the intersection does not give rise to an inference that Mrs. Hall failed to see that which was clearly visible. Mrs. Savage testified twice that she did not know when Mrs. Hall saw the vehicle. As explained in *Samford v. Duff*, supra, at p. 523:

> "There is no presumption that a person is guilty of contributory negligence simply because an accident occurred. [citing cases] 'It is held that contributory negligence is not established by evidence which is equally consistent with the exercise of care by plaintiff, or where the inference of due care is just as reasonable as is the inference of the absence thereof.' [citing cases]"

We think the presumption of due care is especially applicable when the victim is rendered non compos mentis after the accident, for the same reasons that ordinary care is presumed on the part of a deceased. See *North Texas Producers Association v. Stringer*, 346 S.W.2d 500 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.). Therefore, we do not believe that there is any evidence to support the jury's finding that Mrs. Hall failed to keep a proper lookout.

■ However, assuming arguendo that there is sufficient circumstantial evidence from which the jury could have inferred that plaintiff failed to keep a proper lookout, such negligence would not amount to a defense barring recovery on her part unless the proof also shows that the failure to keep a proper lookout was a proximate cause of the collision. In order for defendant to establish that plaintiff's negligence was a proximate cause of the collision, there must be facts in the evidence from which the jury could have inferred that a proper lookout would have revealed something to Mrs. Hall which, if seen, would have alerted an ordinary prudent person to danger at such time and distance that evasive action could have been taken in order to prevent the accident. That is to say, the situation must be such that the collision would not have occurred "but for" the failure to keep a proper lookout. *Thornton v. Campise*, 459 S.W.2d 455, 458 (Tex.Civ.App. —Houston [14th Dist.] 1970, writ ref'd n. r.

e.); *Samford v. Duff,* supra, at 524. Put another way, the failure to keep a proper lookout can only be a proximate cause where the keeping of it would have prevented the unfortunate occurrence. *Texas & P. Ry. Co. v. Shoemaker,* 98 Tex. 451, 84 S.W. 1049 (1905); *Thomas v. Sarrett,* 505 S.W.2d 345 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

The case of *Thornton v. Campise,* supra, is particularly close in point. In that decision the court said that although the evidence showed that the defendant put on his left turn signal and the jury could have inferred that the plaintiff did not see such signal, the turn signal alone was not sufficient to alert the plaintiff to the danger that the defendant might wrongfully turn in front of him, and thus it was not sufficient to give rise to his duty to take evasive action. Because the plaintiff in that case was not put on alert as to any possible danger until defendant already began to turn into him, at which instant there was no time to take any evasive action, the court held that there was no evidence to support the jury's finding that failure to keep a proper lookout was a proximate cause of the collision. See also *Mobile Oil Co. v. Dodd,* 528 S.W.2d 297 (Tex.Civ.App. —Corpus Christi 1975, writ ref'd n. r. e.); *Mrs. Baird's Bread Co. v. Williams,* 425 S.W.2d 1 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.).

■ In the instant case, even if Mrs. Hall did not see defendant's vehicle as it approached the intersection, there is nothing to show that, had she seen it, she should have anticipated at that time that the defendant would pose a danger by illegally turning left into her lane of travel. According to the testimony of both the defendant and Mrs. Savage, defendant suddenly turned to his left. Taking as true defendant's testimony that he came to a complete stop and engaged his left turn signal, we fail to see how such conduct would have given the plaintiff notice that he intended to turn illegally into her lane. Her duty to take evasive action arose only after defendant had already begun turning into her lane of traffic. The uncontradicted testimony of Mrs. Savage was that only about a second elapsed from the time defendant pulled into the plaintiff's lane and the time of the impact. In response to a hypothetical question, Ronny Lough, the investigating officer, testified that, assuming the time between the instant a driver began to turn left into the opposite lane and the instant of impact was one second, there would not be enough time for the driver having the right of way to pull right or take other evasive measures to avoid the accident. Once it was shown that defendant turned into the plaintiff's lane of travel, or it was obvious he was going to do so, it must also be shown that the plaintiff still had time to take evasive action.

■ As we view the record, the only probative testimony of the speed of the Hall vehicle was that given by Mrs. Savage, who testified that they were traveling at a rate of approximately 50 m. p. h. At this rate of speed the Hall vehicle would be traveling at the rate of around 73 feet per second. It is recognized, as a matter of law, that the reaction time for a normal driver to react to danger is three-fourths of a second. *Thornton v. Campise,* supra, at 461; *Samford v. Duff,* supra, at 525. Thus, in view of the normal reaction time and Mrs. Savage's testimony that only about a second elapsed from the time defendant pulled into the plaintiff's lane and the time of impact, Mrs. Hall would have traveled about 55 feet before she could have taken evasive action, at which time she would have been only around 18 feet from the point of impact. This, of course, would have left no meaningful time or distance for evasive action. Thus, even if she had failed to keep a proper lookout, there is no evidence that the keeping of a proper lookout would have prevented the accident, since she would not have had sufficient time to take evasive action once her duty to take such action arose. Consequently, we hold that there is no evidence in the record to support the jury's finding as to causation, and the trial court therefore did not err in disregarding the jury's findings as to

proper lookout and proximate cause. Defendant's first and second points of error are accordingly overruled.

Under his third and fourth points of error, defendant contends that the court erred in disregarding the jury's findings that the plaintiff failed to turn her automobile to the right and that such failure was a proximate cause of the collision. He contends that there was at least some evidence to support such findings that the plaintiff was contributorily negligent and therefore the findings should have been sustained. We do not agree.

As pointed out above, Mrs. Hall's duty to take evasive action arose only after defendant had already begun turning into her lane, at which instant, after taking into consideration a normal reaction time, there was only 18 feet in which she could have pulled to the right and avoided the collision. We do not find any evidence in the record from which the jury could have inferred that Mrs. Hall was negligent in failing to pull to the right. However, assuming, arguendo, that Mrs. Hall failed to use the care of an ordinary prudent person in not turning to her right within the remaining 18 feet, there is no evidence that, had she pulled to her right, she could have gotten far enough to the right to have prevented the accident. As with the failure to keep a proper lookout, the cases have held that the failure to take measures to avoid the accident can only be deemed a proximate cause where such evasive action would have prevented the accident. *Williams v. Hill*, 496 S.W.2d 748 (Tex.Civ.App. —Tyler 1973, writ ref'd n. r. e.); *Pace v. Gutierrez*, 492 S.W.2d 356 (Tex.Civ.App.— Amarillo 1973, no writ). Therefore, we hold that even if there were evidence from which the jury could have concluded that Mrs. Hall was negligent in failing to turn to the right, such negligence could not have been a proximate cause of the collision, since under the record before us there is no evidence that in the remaining 18 feet she could have gotten far enough to her right to have prevented the accident. Accordingly, we find no error in the court's action in

disregarding the jury's findings in this regard and in granting the plaintiff a judgment n. o. v. Defendant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.