Opinion issued July 31, 2008 


In The 

Court of Appeals


For The 



First District of Texas


NO. 01-07-00695-CV 

CLARA KAHNG, INDIVIDUALLY, ON BEHALF OF WONY KAHNG,HOWARD KAHNG, AND SARAH ROH, AppellantV.JOHN RICHARD VERITY, Appellee

On Appeal from the 164th District CourtHarris County, TexasTrial Court Cause No. 2006-05457A



MEMORANDUM OPINION 

Appellant, Clara Kahng, individually and on behalf of Wony Kahng, Gredo 

Kahng, Howard Kahng, and Sarah Roh, challenges the trial court’s summary judgment rendered in favor of appellee, John Richard Verity, in Kahng’s suit against Verity for the wrongful death of her husband, Lawrence Kahng (the “decedent”). In four issues, Kahng contends that the trial court erred in granting Verity’s no-evidence summary judgment motion because Verity’s summary judgment motion “was facially defective,” the trial court had not allowed an adequate time for discovery before granting summary judgment, she brought forth more than “a scintilla of evidence” to raise genuine issues of material fact as to whether Verity’s failure to keep a proper lookout was a proximate cause of the collision between Verity and the decedent, and “the trial court had to presume that the decedent “exercised ordinary care for his safety at the time of his death in a wrongful death action.” 

We affirm. 



Procedural Background 

In her original petition and response to Verity’s summary judgment motion, Kahng alleged that, after the decedent’s car had run out of gas while he was traveling on Interstate 10 (the “interstate”), he, on foot, crossed the interstate’s eastbound and westbound lanes of traffic in order to reach the nearest gas station. After filling a gas can, the decedent saw that a tow truck was preparing to tow his car. “Fearing his [car] would be towed away before he could reach it, [the decedent] dropped his gas can and attempted to cross [the interstate] once again.” While the decedent was crossing the interstate, Verity’s car collided with the decedent, which threw the decedent “back into traffic” and caused other vehicles to collide with the decedent. 

In his no-evidence summary judgment motion, Verity asserted that “there is no evidence that . . . Verity breached any legal duty owed” to the decedent nor “any evidence that any damages sustained by [the] [d]ecedent or [the] [p]laintiffs were proximately caused” by Verity’s negligence. 

In her response, Kahng asserted that the evidence raised “fact issues” as to whether Verity’s failure to keep “a proper lookout” was a proximate cause of the collision. Kahng attached to her response exhibit “D,” Verity’s deposition testimony. In his deposition, Verity testified that, on January 31, 2005, at approximately 6:00 p.m., he was driving on the interstate at approximately fifty-five to sixty miles per hour in the far left-hand lane closest to the median. Because it had just rained, the interstate was wet and he had his headlights turned on. Verity explained that, suddenly, his car collided with the decedent, who Verity did not see until “[i]mmediately” before the impact. Elaborating on the brief time frame, Verity added that it was “instantaneous” and that he had only “a fraction of a second” to react. Verity remembered that he did not have time to apply his brakes or “swerve,” especially considering that a truck was “beside” him in the lane to his right. When asked if there was anything that he could have done differently, Verity replied that he did not “believe anything could have been done other than [the decedent] not crossing the [interstate].” Verity did not know how fast the decedent moved across the interstate, and, after the collision, Verity pulled over onto the median. 

Kahng also attached to her response exhibit “A,” which included video clips that purported to recreate the collision. One video clip included safety triangle markers, which were spaced 95.3 feet apart from each other ostensibly because, if Verity had been driving at sixty-five miles per hour, he would be traveling 95.3 feet per second. This video clip purported to recreate the collision in the far right-hand lane by the shoulder of the interstate, rather than in the far left-hand lane by the median. The video clip purportedly shows that Verity did not keep a proper lookout because, as Kahng asserts in her appellate brief, the only way he could have seen the decedent for only a “split of [a] second” before the collision is if he “could not have been paying attention to his driving at least for five to six seconds.” Also, another video clip showed that a vehicle could pass the first safety triangle marker and come to a full stop before the fourth safety triangle marker. 

Kahng further attached to her response exhibit “B,” which is the affidavit of Kyung Tae Lee, an engineer, who opined that Verity “was negligent in failing to maintain a proper look out [sic] while driving.” Lee also opined that, had Verity “maintained a proper look out [sic] on January 31, 2005, he would have been able to see [the decedent] sufficiently in advance to bring his vehicle to a stop and avoid striking him with his vehicle.” Lee based his opinion on “the assumption of [the] condition of the road, driving condition[s],light,and [the interstate’s] free[dom] from obstruction[,] as testified by [Verity] in his deposition, and the 60-1 braking distance of 125 feet.” 



Rule 166a(i) 

In her third issue, Kahng argues that the trial court erred in granting Verity’s no-evidence summary judgment motion because he failed to specifically allege the elements as to which there is no evidence. See TEX. R. CIV. P. 166a(i). Verity argues, as a preliminary matter, that Kahng did not preserve her complaint for appellate review because she did not raise her complaint at the trial court level. 

We assume, without deciding, that Kahng preserved the issue for our review.[1] See McGrath v. FSI Holdings, Inc., 246 S.W.3d 796, 805 (Tex. App.—Dallas 2008, pet. denied) (reasoning that no exception or objection is necessary at trial court level to preserve issue that no-evidence summary judgment motion fails to comply with 

There is a split of authority on this issue, with several courts holding that an exception or objection is required at the trial court level in order to preserve the issue for appellate review. See Williams v. Bank One, Tex., N.A., 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex. App.—Amarillo 1999, pet. denied). 

specificity requirement of Rule 166a(i)); In re Estate of Swanson, 130 S.W.3d 144, 147 (Tex. App.—El Paso 2003, no pet.) (same); Cuyler v. Minns, 60 S.W.3d 209, 213 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (same); Callaghan Ranch, Ltd. 

v. Killam, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied.) (same). 

A no-evidence summary judgment motion may be urged on the ground that “there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.” TEX. R. CIV. P. 166a(i). The motion “must state the elements as to which there is no evidence.” Id. 

Here,VerityspecificallyidentifiedKahng’s claim and the challenged elements for which Kahng presented no evidence when he alleged, “Specifically, there is no evidence that . . . Verity breached any legal duty owed” “nor any evidence” that Kahng’s damages “were proximately caused” by Verity’s negligence. See Nelson v. Regions Mortgage, Inc., 170S.W.3d 858, 861–62 (Tex. App.—Dallas 2005, no pet.); Bakerv. Gregg County, 33 S.W.3d 72, 77(Tex. App.—Texarkana 2000, pet. dism’d). Accordingly, we hold that Verity’s no-evidence summary judgment motion was not defective. 

We overrule Kahng’s third issue. In her fourth issue, Kahng argues that the trial court erred in granting Verity’s no-evidence summaryjudgment motion because “it was granted during the discovery 

period and . . . no adequate time for discovery” had passed. 

Rule 166a(i) provides that, “[a]fter adequate time for discovery, a party[,] without presenting summary judgment evidence[,] may move for summary judgment on the ground that there is no evidence.” TEX. R. CIV. P. 166a(i). Whether a nonmovant has had an adequate time for discovery under Rule 166a(i) is case specific. Madison v. Williamson, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Rule 166a(i) does not require that discovery must have been completed, only that there was adequate time. Id. To determine whether an adequate time for discovery had passed, we examine such factors as: (1) the nature of thecase,(2) thenature of evidence necessary to controvert the no-evidence motion, 

(3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery already completed, and (7) whether the discovery deadlines in place were specific or vague. Id. We review a trial court’s determination on whether an adequate time for discovery had passed under an abuse of discretion standard. Id. 

Here, Kahng only discusses, in less than specific terms, the third factor. Kahng asserts that an inadequate time for discovery had passed because “the [t]rial [c]ourt granted the no-evidence summary judgment [motion] on this matter[,] [a case] which was less than a year old, and the trial on the matter was set [for] October 8, 2007.” Kahng “does not state how much time she had for discovery, what discovery was completed, what further discovery was needed[,]or otherwise argue why the time was not adequate.” See Robertson v. Sw. Bell Yellow Pages, Inc., 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.). We will not decide an issue on appeal without proper argument and authority showing why the trial court acted erroneously. See Winchek v. Am. Express Travel Related Servs. Co., 232 S.W.3d 197, 207 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 

Accordingly, we hold that “this issue is inadequately briefed and presents nothing for review.” See Robertson, 190 S.W.3d at 903 (concluding that appellant did not preserve issue for appellate review without addressing factors on why appellant had inadequate time to conduct discovery). 

We overrule Kahng’s fourth issue. 



Summary Judgment 

In her first issue,Kahng argues thatthetrial court erred in granting Verity’s no-evidence summary judgment motion because Verity’s failure to “exercise ordinary care in the operation of his motor vehicle by maintaining a proper lookout while driving” was a proximate cause of the collision. In her second issue, Kahng argues that the trial court erred in granting Verity’s no-evidence summary judgment motion because the decedent was “presumed to have exercised ordinary care for [his] own safety at the time of [the] fatal incident.” Verity argues that the trial court did not err because, “by the time [that] the [d]ecedent appeared in front of [Verity], he had no meaningful time or distance to take any evasive action.” 

To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party’s cause of action or affirmative defense. TEX. R. CIV. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. 

v. Reese, 148 S.W.3d 94, 99 (Tex. 2004). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). Although the nonmoving party is not required to marshal its proof, it must present evidence that raises a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); see Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary judgment motion may not be properly granted if the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. See Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence “‘rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.’” Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)). 

When reviewing a no-evidence summary judgment motion, we assume that all evidence favorable to the nonmovant is true and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. Spradlin v. State, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Because the trial court’s order granting Verity’s no-evidence summary judgment motion does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the grounds in the summary judgment motion are meritorious. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex. 2000). 

To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Every motorist has a duty to keep a proper lookout, but he is not required to anticipate negligence or other unlawful conduct on the part of another. Lynch v. Ricketts, 158 Tex. 487, 491–92, 314 S.W.2d 273, 275 (1958). “[A] proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience.” Carney v. Roberts Inv. Co., 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied). We also note that, in order to establish that a motorist’s negligence is a proximate cause of a collision, “there must be facts in the evidence from which [a fact-finder could infer] that a proper lookout . . . would have alerted an ordinary prudent person to danger at such time and distance that evasive action could have been taken in order to prevent the accident.” Fannin v. Hall, 561 S.W.2d 952, 956 (Tex. Civ. App.—Tyler 1978, no writ); see Montes v. Pendergrass, 61 S.W.3d 505, 510 (Tex. App.—San Antonio 2001, no pet.). 

We first note that Kahng assumes that the trial court granted Verity’s no-evidence summary judgment motion because it found as a matter of law that the decedent’s negligence caused the collision. Kahng then, ostensibly relying upon authority which purportedly states that a decedent is presumed to have exercised ordinary care for his own safety, asserts that Verity did not overcome this presumption and that fact issues exist as to whether Verity’s failure to keep a proper lookout was a proximate cause of the collision. See Fannin, 561 S.W.2d at 956; Koock v. Goodnight, 71 S.W.2d 927, 932 (Tex. Civ. App.—Austin 1934, writ ref’d); cf. Gross v. Black & Decker (U.S.), Inc., 695 F.2d 858, 865 (5th Cir. 1983) (noting that presumption only applies when party is “unable to defend himselfagainsta claim of contributory negligence”); Tex. & N. O. Ry. Co. v. Rooks, 293 S.W. 554, 557 (Tex. Comm’n App. 1927) (reasoning only that “law presumes, until the contrary is established by legal evidence, that every person uses due care to protect himself from injury as well as to discharge any duty towards others which the law imposes”). However, here, this presumption is inapplicable because, as shown below, there is no evidence that Verity’s failure to keep a proper lookout was a proximate cause of the collision. Thus, the presumption did not preclude the trial court from granting Verity’s no-evidence summary judgment motion. 

After Verity moved for summary judgment based upon no evidence, Kahng had the burden of bringing forth more than a scintilla of evidence to show that Verity’s failure to keep a proper lookout was a proximate cause of the collision. See Ridgway, 135 S.W.3d at 600. Even assuming that there is a fact issue as to whether Verity kept a proper lookout, the failure to keep a proper lookout “can only be a proximate cause where the keeping of it would have prevented the unfortunate occurrence.” Fannin, 561 S.W.2d at 957. It has been held that, as a matter of law, under normal conditions, a normal driver needs three-fourths of a second to react to danger. Id.; Mobil Oil Co. 

v. Dodd, 528 S.W.2d 297, 302 (Tex. Civ. App.—Corpus Christi 1975, writ ref’d n.r.e.); see Mo. Pac. R.R. v. Lane,720 S.W.2d 830,834 (Tex. App.—Texarkana 1986, no writ). It has also been held that the brief timespan of two seconds does not give sufficient time for a driver to take evasive action. Firestone Tire & Rubber Co. v. Rhodes, 256 S.W.2d 448, 452 (Tex. Civ. App.—Austin 1953, writ ref’d n.r.e.); see Dodd, 528 S.W.2d at 302. Here, Verity’s deposition testimony does not create a fact issue. In fact, Verity’s deposition testimony showed that he had no time whatsoever to take evasive action in order to avoid the collision. See Fannin, 561 S.W.2d at 956. Verity stated that, when the decedent suddenly darted out in front of his car on the interstate, he had no time to “swerve,” especially considering that he was in the far left-hand lane and a truck was “beside” him on the lane to his right. Such time to react was also noted by Verity as “a fraction of a second” or “instantaneous.” Kahng’s video clips do not create a fact issue because they assume, without any evidentiary support, that Verity had time to see the decedent and take evasive action. Lee’s testimony also does not create a fact issue because he assumes, without any evidentiary support, that Verity had time to take evasive action. Accordingly, we hold that the trial court did not err in granting Verity’s no-evidence summary judgment motion. 

We overrule Kahng’s first and second issues. 



Conclusion 

We affirm the judgment of the trial court. 

Terry Jennings Justice 

Panel consists of Justices Taft, Jennings, and Bland.