Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00313-CV

Tammy Sue **TURNER**, Individually and as Next Friend of Katylnn Nicole Turner,
and Claudella Kay Turner, Individually and as Next Friend of
Joshua Andrew Turner and Stephen James Lewis Turner, minor children,
and as Heir and Beneficiary of the Estate of Geraldine Turner, deceased,
Appellants

v.

Santiago V. **CRUZ**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-04548
Honorable Gloria Saldaña, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED

This is an appeal from the granting of summary judgment in favor of Santiago V. Cruz.

Cruz filed a no-evidence motion for summary judgment after a wrongful death lawsuit arising

out of an automobile accident was brought against him by the statutory beneficiaries of

Geraldine Turner, deceased ("the Turners"). On appeal, the Turners argue that the trial court

erred in (1) denying their motion for continuance and (2) in granting Cruz's motion for summary judgment. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2006, Geraldine Turner, the deceased, was killed in an automobile accident. At the time of the accident, Turner was riding as a passenger in a car driven by John R. Gray. Gray, who was intoxicated and speeding, hydroplaned on the wet roadway, crossed over into oncoming traffic, and hit a vehicle driven by Cruz. Cruz's wife, who was a passenger in Cruz's car, was injured in the accident. Gray was charged with and pled guilty to one count of intoxication manslaughter (for the death of Geraldine Turner) and one count of intoxication assault (for the injuries to Cruz's wife). Gray is serving two concurrent seven-year sentences in the Texas Department of Corrections.

In December 2008, the Turners sued both Cruz and Gray, alleging both were negligent in causing Geraldine Turner's death. That same month, Cruz filed an answer to the lawsuit. One month later, Gray filed a general denial, listing his address as the Texas Department of Corrections, Garza West Unit, Beeville, Texas. A little over a year later, Cruz filed his no-evidence motion for summary judgment. In his motion, Cruz contended there was no evidence he breached any duty to Turner that caused or contributed to the accident that is the subject of the suit. Cruz also attached evidence in the form of (1) an affidavit and report from the investigating police officer, Officer Manuel Morales, Jr.; (2) Gray's conviction records; and (3) Turner's autopsy records. In his affidavit, Officer Morales affirmed that he was trained and experienced in automobile accident investigation; that he investigated the accident involved in this suit; that he determined the sole cause of the collision to be the acts and omissions of Gray; and that he determined Cruz did not cause or contribute to the collision.

In response to Cruz's motion, the Turners filed a motion for continuance, contending that they needed testimony from Gray before the motion could be heard. The Turners' attorney provided an affidavit in which he stated that Gray's exact location had been unknown until November 2009, and that Gray was entitled to notice of the motion for summary judgment before it could be heard. Specifically, the Turners' attorney stated Gray's deposition was "required to establish facts necessary to the disposition of this case" and that Gray "can contribute to the factual dispute as the events immediately prior to the impact of the vehicles [that] resulted in the death of Geraldine Turner, decedent."

The Turners also filed a response to Cruz's no-evidence motion for summary judgment. In their response, they claimed that a fact issue existed as to Cruz's negligence in causing the accident because the evidence showed that Cruz was aware of Gray's vehicle, but was unable to stop in time to avoid the collision.

After holding a hearing, the trial court denied the Turners' motion for continuance and granted Cruz's no-evidence motion for summary judgment. In their appeal, the Turners contend the trial court erred in overruling their motion for continuance and in granting Cruz's motion for summary judgment.

**DISCUSSION**

1.      *Motion for Continuance*

In their first issue on appeal, the Turners argue the trial court erred in denying their motion to continue the summary judgment hearing. Specifically, they complain that Gray did not receive notice of the motion for summary judgment and that they needed additional time to take Gray's deposition.

We review the trial court's denial of a motion for continuance under an abuse of discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* Among the factors to consider when determining whether a trial court has abused its discretion by denying a motion for continuance of a summary judgment hearing are (1) the length of time the case has been on file; (2) the materiality of the discovery sought; and (3) whether due diligence was used in obtaining discovery. *Id.* When a party argues it has not had adequate opportunity for discovery before the summary judgment hearing, that party must file an affidavit explaining the need for further discovery or a verified motion for continuance. Tex. R. Civ. P. 166a(g), 251, 252; *Joe*, 145 S.W.3d at 161. The affidavit must explain why the continuance is necessary; conclusory allegations are insufficient. *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). The affidavit must specify what evidence the party hopes to procure and detail its materiality. *Id.*

First, we find no merit to the Turners' argument that the hearing could not go forward until Gray received notice of the summary judgment and the hearing. The Turners failed to allege or make a showing of how they were harmed by Gray's lack of notice. Further, Cruz's motion for summary judgment concerned only the Turners' allegations against Cruz, not those against Gray.

Second, we find no abuse of discretion in the trial court's denial of the continuance based on the Turners' complaint that they had not had sufficient opportunity to take Gray's deposition. The first factor we consider is the length of time the case had been on file. The fatal accident occurred in December 2006, and suit was filed two years later, in December 2008. In their first

amended petition, which was also filed in December 2008, the Turners listed Gray's address for service of process as the Texas Department of Corrections, in Beeville, Texas. And, Gray was obviously properly served there because he filed a pro se answer on December 29, 2008, and another pro se answer on January 30, 2009. In his answer, Gray included his Texas Department of Corrections address in Beeville, Texas. Cruz's motion for summary judgment was filed on January 22, 2010, over a year after the Turners filed suit. The hearing on Cruz's motion for summary judgment was held on February 18, 2010. Given that the Turners' lawsuit had been on file for more than a year when Cruz filed his motion for summary judgment, there was sufficient time for the Turners to take Gray's deposition.

The second factor we consider is the materiality of the discovery sought. The only explanation the Turners offered was in the affidavit of their attorney, which stated that Gray's deposition would "establish facts necessary to the disposition of this case" and that Gray "can contribute to the factual dispute as the events immediately prior to the impact of the vehicles." We find these conclusory statements inadequate to detail the evidence the Turners hoped to procure or its materiality.

As to the third factor, a showing of due diligence in attempting to obtain the discovery, we likewise find the Turners' explanation inadequate. The Turners' attorney alleges in his affidavit that he did not know Gray's exact location until November 2009 and that, through examination of the court's file, he determined Gray had filed a general denial. As noted above, however, the Turners' petition filed in December 2008 listed Gray's Texas Department of Corrections address, and Gray's answer, in which he listed his Texas Department of Corrections address, had been on file for approximately a year before Cruz filed his motion for summary judgment. Thus, the Turners did have information regarding Cruz's location when they filed the

lawsuit. And, they failed to show what efforts they made during the year the case was on file to obtain Gray's deposition. Therefore, we cannot say the trial court abused its discretion in denying the Turners' motion for continuance.

*2.      Motion for Summary Judgment*

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt-1997. In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* TEX. R. CIV. P. 166a(i). In determining if the respondent has brought forth more than a scintilla of evidence, we consider whether the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

In their petition, the Turners alleged that Cruz was negligent in the operation of his vehicle and that such negligence was a proximate cause of Turner's death. In his no-evidence motion for summary judgment, Cruz contended there was no evidence he breached a duty to Turner that caused or contributed to the accident made the basis of the suit. In their response, the

Turners relied on Cruz's answer to interrogatories and other evidence attached to Cruz's motion for summary judgment. On appeal, the Turners point to three specific items of evidence that they contend raise a fact issue precluding summary judgment.

The first is Cruz's interrogatory response in which Cruz stated that, as he was driving very slowly, he "saw Co-Defendant Gray swerving. [Cruz] applied his brakes but [Gray] struck his vehicle." The second is a quote from the medical examiner's investigation report. The report described the circumstances of the accident and, among other things, states that when Gray's vehicle veered into oncoming traffic, the Kia Sedona "was unable to stop in time." The third item the Turners point to is the Texas Peace Officer's Crash Report, which identifies the driver of the Kia Sedona as Cruz. The Turners argue this evidence raises a fact issue as to whether Cruz operated his motor vehicle negligently. In other words, it appears the Turners are contending that the fact that Cruz saw Gray swerving before applying his brakes and that Cruz was unable to stop in time amounts to evidence of Cruz's negligence.

Cruz counters with the argument that this evidence does not raise a fact issue. In support, Cruz cites *Fannin v. Hall*, 561 S.W.2d 952, 956 (Tex. Civ. App.—Tyler 1978, no writ), which states "[e]very motorist has a duty to keep a proper lookout, but he is not required to anticipate negligence or other unlawful conduct on the part of another." We agree. The mere fact that Cruz saw Gray swerve into Cruz's lane of traffic but was not able to stop in time to avoid a collision is simply no evidence that Cruz breached any duty to Turner or that his acts and/or omissions were a proximate cause of the collision. The Turners' argument assumes, without evidentiary support, that Cruz had time to see Gray's vehicle and to take evasive action. *See Kahng v. Verity*, No. 01-07-00695-CV, 2008 WL 2930195, at *5 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

We conclude the trial court did not err in granting Cruz's no-evidence motion for summary judgment. We therefore affirm the trial court's judgment.


Karen Angelini, Justice